ABRAM SHIFF, Plaintiff in Error,

*vs.*

LAVINA BROWNELL, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF IOWA COUNTY.

Where an appeal from a judgment rendered by a justice of the peace is dismissed for the reason that the appeal had not been properly perfected, the Circuit Court has no jurisdiction of the cause, and cannot give judgment for the amount recovered before the justice.

Where a party appealing from the decision of a justice has complied with the provisions of the statute regulating appeals, the appeal should be dismissed for the reason that the justice neglected to indorse his satisfaction upon the recognizance, and to certify whether the surety justified, or his responsibility was admitted by the opposite party.

THIS was an action of assumpsit commenced before a justice of the peace by Lavina Brownell against Abraham Shiff, upon a promissory note, wherein judgment was rendered against Shiff for $32 damages and $2.56 costs, and from which judgment Shiff appealed to the Circuit Court of Iowa county.

It appears that within the time prescribed by the statute the defendant below, Shiff, as principal, and Abner Nichols as surety, executed a bond for appeal, in pursuance of the statute; and that both justified as to their responsibility. It further appears that the justice failed or neglected to indorse his satisfaction on the recognizance, and to certify whether the surety justified, or his responsibility was admitted.

The case came on for trial at the September term, 1855, of the Circuit Court; and on motion of counsel for Brownell, the appeal was dismissed for the reason that the justice had failed to indorse his satisfaction on the recognizance, and to certify whether the surety justified or his responsibility was admitted.

It further appears, that after the appeal was thus dismissed, the Circuit Court rendered judgment for the amount of costs of appeal in said court, to which ruling the defendant below excepted; and to reverse the said judgment of the Circuit Court, this present writ of error is brought.

*J. H. Clary,* attorney for the plaintiff in error.

Messrs. *Dunn & Read,* attorneys for defendant in error.

*By the Court,* COLE, J.   This was an appeal from the judgment of a justice of the peace to the Circuit Court of Iowa county.   On motion of the appellee, the Circuit Court dismissed the appeal, and thereupon proceeded to render judgment in favor of the defendant in error for the amount recovered by her in the justice's court, and costs of suit.   There can be no doubt but that the Circuit Court erred in this, since if the appeal had not been properly perfected, as was alleged in the motion for dismissing it, then that court had no jurisdiction · of the cause, and could not give judgment for the amount recovered before the justice.   It could simply dismiss the appeal for want of jurisdiction, leaving in full force the judgment already obtained.   *Mitchell vs. Kennedy,* 1 *Wis.* 511; *Ex parte Davis,* 5 *Cow. R.* 33; *Ex parte Benson,* 6 *id.* 592; *Ex parte Mallard, id.* 593.

Moreover, we are of the opinion that the Circuit Court erred in sustaining the motion to dismiss the appeal.   It appears from the record, that the plaintiff in error did everything that the statute required him to do in order to perfect his appeal.   He made his affidavit in due form, and gave the usual recognizance with a surety within ten days; he and the surety in the recognizance made oath as to their responsibility, though it appears that they did not sign the affidavit of justification upon the recognizance.   The justice received the recognizance, but neglected to indorse his satisfaction upon it, and also to certify thereon whether the surety justified, or his responsibility was admitted by the opposite party, as is required by *section* 250, *chapter* 88, *R. S.* ·  For these reasons it appears the Circuit Court dismissed the appeal.   It seems to be ·a hard case, indeed, to deprive a party of the benefit of an appeal, when he has complied with all the requirements of the statute, merely because the justice omits, or neglects to indorse his satisfaction and the certificate upon the recognizance.

The main object which the provision of the statute just referred to has in view, undoubtedly is ample security to the ap-

Shiff vs. Brownell.

pellee for his judgment and costs. And hence it requires that the justice shall be satisfied as to the responsibility of the surety which may be offered by the party appealing, in case the opposite party does not admit such surety to be sufficient. And if the justice is not satisfied with the pecuniary responsibility of the surety, he should object to him, and refuse to receive the recognizance. But if he does receive it without objection, a party ought not to lose the benefit of his appeal, because the justice afterwards neglects to make the indorsement upon it required by law.

Judgment of the Circuit Court must be reversed, with costs.