Bacon *v.* Lawrence.

HENRY BACON, Plaintiff in Error, *v.* DANIEL LAWRENCE, Defendant in Error.

ERROR TO IROQUOIS.

Both parties may appeal from the decision of a justice ; and if only one party appeals, he may dismiss his appeal against the wish of the other.

THIS was an action on a note, commenced before a justice of the peace ; judgment rendered in favor of the plaintiff below, and by him appealed on the same day.

The transcript shows that Lawrence, the plaintiff below, recovered judgment against the defendant, of $48.16, and costs.

Same day plaintiff appealed his own judgment.

Summons issued from the Circuit Court, January 16th, 1861, to appellee.

Summons served on Bacon.

Plaintiff moves to dismiss his appeal in the Circuit Court.

Defendant makes cross-motion for leave to join in the appeal.

Court ordered that plaintiff be allowed to dismiss his appeal. Defendant excepted. Final judgment rendered against plaintiff for costs of appeal.

The bill of exceptions shows, that on the 22nd of February, A. D. 1861, motion by appellant to dismiss his appeal coming on for a hearing, the defendant by his counsel offered to file an appeal bond with good and sufficient security, and filed the affidavit of Henry Bacon, wherein he swears that he has a good defense to said action, on the merits thereof. That defendant would have taken an appeal to the Circuit Court, if plaintiff had not done so. 'That defendant supposed it was not necessary for him to join in his said appeal in order to secure a trial of said cause in the Circuit Court. That injustice will be done him in case he is debarred a trial of said cause.

Defendant excepts to the judgment of court, dismissing the appeal and rendering final judgment in said cause.

The errors assigned are, that the court erred in allowing plaintiff's motion to dismiss his appeal ; in overruling defendant's cross-motion for leave to join in the appeal ; and the overruling defendant's motion and dismissing the appeal was contrary to law, to equity, to justice, and to right.

C. H. WOOD, for Plaintiff in Error.

A. B. ROFF, for Defendant in Error.

CATON, C. J. The appellant had an undoubted right to dis-

miss his appeal. If the appellee was not satisfied with the judgment of the justice of the peace, he should himself have taken an appeal. By not doing so he acquiesced in that judgment, and must now be content with it. Taking an appeal by one party does not deprive the other of the right to do the same thing. The judgment is affirmed.

*Judgment affirmed.*