THE KANSAS CITY, FT. SCOTT & GULF RLD. CO. V. W. O. HAMMOND.

JUDGMENT OF JUSTICE—*Dismissal of Appeal From.* A party appealing from the judgment of a justice of the peace may dismiss such appeal at any time before the commencement of the trial in the district court, if not at any time before the final submission on such trial. And upon such dismissal the judgment of the justice is restored, and has the same force and effect as though no appeal had been taken.

*Error from Bourbon District Court.*

ACTION brought by *Hammond* against the *Railroad Company*, under the stock law of 1874. Judgment for the plaintiff, at the December Term, 1880, of the district court. The defendant brings the case here. The opinion states the facts.

*Blair & Perry*, for plaintiff in error.

*C. O. French*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is an action brought by Hammond against the railroad company, to recover the value of certain stock alleged to have been killed by the plaintiff in error in the operation of its railroad. The suit was commenced before a justice of the peace, and from a judgment there rendered against it the railroad company, on November 12, 1880, appealed to the district court of said county. The district court convened on December 20, 1880, and this case was set for trial December 28, 1880. On December 24, the railroad company filed a written motion to dismiss its appeal. On the same day this motion was argued and submitted. On the 27th, the court overruled the motion to dismiss, and the case subsequently went to trial and judgment.

Without noticing any further matters in the record, we are clearly of opinion that the court erred in overruling this motion. A party who takes an appeal can withdraw it at any time before the commencement of the trial, and probably at

any time before the final submission of the case. Generally
it is true in legal proceedings that a moving party may aban-
don his proceedings at any time before the final submission.
And an appeal is simply a proceeding of one party, the appel-
lant. It is as much under his control as the prosecution of
an original action is under the control of the plaintiff. Either
may cause the opposite party annoyance, vexation and ex-
pense, and yet the right to prosecute and withdraw is clear.
Counsel for defendant in error places reliance on two decisions
of this court, (*Blackshire v. A. T. & S. F. Rld. Co.*, 13 Kas.
514; *City of Kansas v. K. P. Rly. Co.*, 18 Kas. 331,) in
which it is held that an appeal vacates the judgment of the
justice; and the argument is, that if the judgment is vacated
by the appeal, a dismissal of the appeal, like a dismissal of
the case, leaves the party without any judgment. Not so;
the statute in terms provides (Comp. Law 1879, p. 720, § 124)
that "if the appeal be dismissed, the cause shall be remanded
to the justice of the peace, to be thereafter proceeded in as if
no appeal had been taken." In other words, the failure of the
appeal revives the judgment, and restores the parties to all
rights existing at the time of the appeal. The vacation of
the judgment by appeal is in a certain sense conditional.
When judgment is rendered before a justice, the party ag-
grieved thereby has two remedies: appeal, or petition in error.
If he pursue the latter, he leaves the judgment, as a judgment
in full force. True, by supersedeas bond he may stay execu-
tion, but the judgment remains intact until set aside by the
decision of the reviewing court. If he appeal, he takes the
whole case up, and it is tried in the district court as though
no judgment had ever been rendered. The inquiry is not
whether the justice's judgment was correct upon the testimony
there presented. The plaintiff does not hold one judgment
while litigating for another. He cannot have two judgments
for the same cause of action. The one is vacated, condition-
ally it may be, but still vacated until the disposition of the
appeal. If on the appeal a new judgment is rendered either
way, the judgment before the justice never comes into life

again; but if the appeal is dismissed, no new trial is necessary to revive and rehabilitate the former judgment. The statute declares that it shall be as though there had been no appeal. By petition in error, the judgment is taken up for review; by appeal, the case is taken up for trial. Until the former is sustained, the judgment is undisturbed; when the latter fails, the judgment is restored. (*MacKey v. Pierce*, 3 Wis. 307; *Shiff v. Brownell*, 4 Wis. 285; *Helden v. Helden*, 9 Wis. 527; *Bacon v. Lawrence*, 26 Ill. 53; *Diffenderffer v. Hughes*, 7 Har. & J. 3; *Newson v. Douglass*, 7 Har. & J. 417; 4 Wait's Pr. 237.)

The judgment will be reversed, and the case remanded with instructions to sustain appellant's motion to dismiss the appeal. All costs since such motion will be taxed against the appellee.

All the Justices concurring.