### Andrew Ring v. W. Judge Graves, for use, etc.

1. APPEALS—*From Justices of the Peace—Appellant May Dismiss His Appeal.*—An appellant has an undoubted right to dismiss his appeal. If the appellee is not satisfied with the judgment of the justice of the peace, he should himself have taken an appeal. By not doing so, he acquiesced in the judgment and must be content with it.

Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Dismissed. Opinion filed July 17, 1900.

HORACE W. NICHOLS, JR., attorney for appellant.

LEWIS EDWARD DICKINSON, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In this case a judgment was entered by a justice of the peace against the appellant and Peter Erickson. From that judgment said Erickson prosecuted an appeal to the Circuit Court, and April 7, 1899, upon motion of said Erickson it was ordered by the Circuit Court that said appeal be dismissed. Judgment was then and there entered against said Erickson for costs of suit, and it was ordered that a *procedendo* issue to the justice of the peace. Prior to that date a summons and an *alias* summons had been issued out of said Circuit Court to be served upon said Erickson, both of which were returned by the sheriff " not found."

Said Erickson had a right to dismiss his appeal. Appellant to this court (Ring) was not at the time before the Circuit Court, and that court had not then any jurisdiction

over him in this case. The judgment for costs was against
Erickson only. In Bacon v. Lawrence, 26 Ill. 53, in the
matter of an appeal from a justice of the peace, it was held:

"The appellant had an undoubted right to dismiss his
appeal. If the appellee was not satisfied with the judg-
ment of the justice of the peace, he should himself have
taken an appeal. By not doing so, he acquiesced in that
judgment and must now be content with it."

That case is cited and approved in In re Story, 120 Ill. 244,
258. By the order of April 7, 1899, the case was fully
ended in the Circuit Court and thereafter that court had no
jurisdiction therein.

It is, however, recited in this record that April 10, 1899,
"said cause was reached on the trial calendar and was called
for hearing," etc.; that appellant Ring then appeared; that
the appellee here (Graves) moved the Circuit Court to dis-
miss the appeal; that said motion was sustained, to which
said Ring excepted; that an order was entered by said Circuit
Court purporting to dismiss the appeal to that court; that
said Ring moved to set aside said order, which motion was
denied, and to reverse which this appeal is prosecuted. It
does not appear that said Erickson was ever present in the
Circuit Court in person, or by attorney, at any time after
said suit was dismissed, April 7th, on his motion, or that he
ever had any notice of any proceedings in this case had or
to be had after that date, and he is not before this court.

It seems probable that the fact that the appeal had been
dismissed and final judgment entered in said cause April
7th, was not brought to the attention of the judge who
called said cause for trial April 10th. Any and all pro-
ceedings in said cause in the Circuit Court after April 7,
1899, are null and void for want of jurisdiction, no motion
having been made to set aside and no order entered setting
aside the final judgment of April 7, 1899. As the Circuit
Court had no jurisdiction in the cause June 17, 1899, when
the order purporting to grant an appeal to this court was
entered, without having first set aside the final judgment of
April 7th, this court has no jurisdiction except to dismiss
the appeal to this court. Appeal dismissed.