## MAYOTT ET AL. v. KNOTT.

JUSTICE COURTS—APPEALS—DISMISSAL OF APPEAL—APPEAL BOND—CONSTRUCTION—SURETY—JUDGMENT.

1. An order of the district court is necessary to dismiss a perfected appeal from justice court.
2. An appellant cannot dismiss his perfected appeal from justice court by a mere entry of dismissal upon the docket of the district court.
3. The act of appellant in entering upon the docket a dismissal of his appeal from justice court does not divest the district court of jurisdiction to try the case *de novo*.
4. One who signs as surety an undertaking for costs and stay of execution on an appeal from justice court assumes the obligations imposed by the statute authorizing it.
5. Upon a trial *de novo* in the district court of a case appealed from a justice of the peace, a judgment against the appellant is properly rendered against him and his sureties in the undertaking to stay execution, in accordance with the statute authorizing that procedure.

[Decided October 11, 1907.]                    (92 Pac., 240.)

ERROR to the District Court, Laramie County, HON. RODERICK N. MATSON, Judge.

R. B. Knott brought suit against Annie Mayott in justice court and obtained judgment. Defendant appealed to the district court, and thereafter attempted to dismiss the appeal by an entry on the docket of that court. On motion of plaintiff the court reinstated the case and it proceeded to trial, resulting in a judgment for the plaintiff and against the defendant, the appellant, and her surety in the undertaking given to stay execution pending the appeal. The

judgment defendants thereupon brought error. · The other
material facts are stated in the opinion. · ·

D. W. Elliott and Ray E. Lee, for plaintiffs in error.

The appellant had a right to dismiss the appeal. (Hart
v. R. Co.; R. S., Secs. 4398, 4401, 4407, 4408; Fahey
v. Fahey, 32 Colo., 25; Lumber Co., 4 Wash., 260;
Adkinson v. Gahan, 114 Ill., 21; Harper v. Albee, 10 Ia.,
389; Simonson v. R. Co., 48 Ia., 19; Thorp v. Thorp, 40
Ill., 113; Eden M. Co. v. Yohe, 32 Neb., 452; R. Co. v.
Hammond, 25 Kan., 208; State v. Curtis, 29 Kan., 384;
Muckey v. Pierce, 3 Wis., 307; Ring v. Graves, 90 Ill.
App., 269; Baker v. Lawrence, 26 Ill., 53.) True this was
begun as an attachment suit. But the judgment was merely
a personal one, and did not order the sale of the attached
property. The judgment, therefore, dissolved the attach-
ment proceedings. Moreover, there was no showing that
the attached property was worth the amount of the judg-
ment. A different rule as to dismissal does not, therefore,
obtain by reason of the attachment. The dismissal of the
appeal did not affect the undertaking. It remained a valid
obligation, so that the appellee was not prejudiced by dis-
missal.

The judgment against the surety in the undertaking was
not warranted by the proceedings under which the appeal
was carried to the district court, nor by the pleadings. (R.
S., Secs. 4398, 4401, 4408, 4413; 5 Cyc., 752, 758; John-
ston v. Dunn, 75 Minn., 533; State v. Gramm, 7 Wyo.,
329; Road Co. v. Stockton, 43 Ind., 328; Hart v. R. Co.;
2 Beach on Contracts, 216.) The judgment against him
was not warranted by the terms of the undertaking, but is
contrary thereto. (5 Cyc., 751, 753, 756, 758; Lowe v.
Guthrie, 4 Okla., 287; Swain v. Graves, 8 Cal., 549; R.
Co. v. Swinburne, 22 Ore., 574; Robinson v. Epping, 24
Fla., 237.; Field v. Rawlings, 6 Ill., 581; Wells v. Mehl,
25 Kan., 25; Tucker v. Tucker, 35 Mich., 365; State v.
Gramm, 7 Wyo., 329.) If the statute attempts to authorize

a judgment in the appeal case against the surety it violates Section 6 of Article I of the constitution, which prohibits the deprivation of life, liberty or property without due process of law. The statutes do not authorize such a judgment. (R. S., Secs. 4398, 4401, 4403, 4408, 4412; 5 Cyc., 756; Sturgis v. Rogers, 26 Ind., 1; Mullen v. Whitmore, 74 N. C., 477.)

*Clyde M. Watts,* for defendant in error.

The plaintiff in error, having appealed this case to the district court, could not dismiss the appeal without the consent of the plaintiff, or an order of court. (R. S., Secs. 4401, 4412; Loucheine v. Strouse; Merrill v. Dearing, 24 Minn., 179; Bingham v. Waterhouse, 32 Tex., 468; Peterson v. Frey, 109 Mich., 681; Sweeney v. Coulter, 109 Ky., 295; Weiman v. Delger, 46 N. Y. Super., 101; Cartledge v. Sloan, 124 Ala., 506; State v. Judge, 24 La., 598; Cleveland, &c., Co. v. Duffey, 22 O. St., 206; Attaway v. Dyer, 8 Ga., 184; Ranson v. Coleman, 45 Ga., 316; Shannon v. Barnwell, 4 Mart., 213.)

This was an attachment suit and the property was in the hands of the constable until after the appeal was taken. Having given a sufficient bond to pay any judgment against her in the district court, defendant was allowed to sell the attached property. If she could then write a dismissal on the docket leaving the plaintiff without the attached property, and only with a judgment that as far as she was concerned is worthless, there certainly would be a miscarriage of justice. That the appeal was taken solely for the purpose of delay is apparent on the record.

Assuming that the plaintiff in error had a right to dismiss her appeal, she waived that right by going to trial and introducing evidence. (17 Ency. L. (2d Ed.), 1064; Randolph v. Ralls, 16 Ill., 29; Gaeger v. Dos, 29 Ala., 341; Smith v. Arapahoe Co., 4 Colo., 235; Yaeger v. Henry, 39 Ill. App., 22; Schader v. Hoover, 37 Ia., 654; Bank v. Ins. Co., 83 Ia., 491; Davis v. Packard, 6 Wend., 327.)

A surety, by signing an appeal bond, submits himself to the jurisdiction of the court, and becomes liable to judgment for the original cause of action against his principal. (2 Cyc., 962; Greer v. McCarter, 5 Kan., 17; Holbrook v. Inv. Co., 32 Ore., 104; Beall v. New Mex., 16 Wall., 535.) The statute authorizing judgment against him is not unconstitutional.

SCOTT, JUSTICE.

Defendant in error recovered judgment against Annie Mayott, one of the plaintiffs in error, in a justice of the peace court in Laramie County. Mayott appealed to the district court and gave an undertaking on appeal in the usual form, with Idelman, the other plaintiff in error, as surety. Thereafter the case was docketed and set for trial in the district court, after which Mayott attempted to dismiss her said appeal by an entry upon the docket. A motion was made by the defendant in error, the appellee in that court, to reinstate and redocket the appeal, which motion the court granted. The case was thereafter tried without the intervention of a jury and the court found and rendered judgment in favor of Knott and against said Mayott, the appellant therein, and also against Idelman, the surety on the appeal undertaking. Mayott and Idelman bring the case here on error.

1. It is urged that the district court erred in reinstating and redocketing the appeal over the objection of the plaintiffs in error. Our statute provides that upon appeal from the judgment of a justice of the peace the case shall be docketed; that the plaintiff and defendant in the justice court shall be plaintiff and defendant respectively in the district court; and that the case shall be tried de novo and upon the pleadings and issues filed and made in the court appealed from. (Chap. 32, S. L. 1903, and Sec. 4401, R. S. 1899.) Section 4402, R. S. 1899, is as follows: "The district court may, at its discretion, allow amendments to the record or to any pleadings filed, in the furtherance of

justice, but when the appeal shall be dismissed by reason of any irregularity in taking or consummating the same, the clerk of the district court shall certify to the justice the order of dismissal, and shall remit with such order all papers returned by the justice. The justice may thereupon issue execution as if no appeal had been taken." The regularity of the appeal in the case before us was not questioned. The appeal having been perfected, the district court had jurisdiction to try the case *de novo* as provided by the statute. The judgment appealed from was by such appeal vacated, subject only to revival by a dismissal of the appeal. (Railroad Co. v. Hammond, 25 Kan., 208.) In the last named case, which was under statutes similar to ours and which provides for proceedings in error or by appeal from the judgment of a justice of the peace, Mr. Justice Brewer said: "If on the appeal a new judgment is rendered either way, the judgment before the justice never comes into life again; but if the appeal is dismissed, no new trial is necessary to revive and rehabilitate the former judgment." The effect of the dismissal of the appeal under Section 4402, *supra,* would be to reinstate the judgment of the justice with power of the latter to issue execution upon the same when the clerk of the district court to which the appeal had been taken "shall certify to the justice the order of dismissal and shall remit with such order all papers returned by the justice." From this language it is clear that the dismissal of the appeal must be upon an order. Such dismissal revives, and in effect is an affirmance of, the judgment appealed from.

A judgment owes its existence and validity to the exercise of judicial power and in this respect is beyond the power of any individual. No individual act of the appellant could operate to revive the judgment in the justice court, for by the terms of the statute the justice is powerless to enforce it in the absence of the certified order of dismissal from the clerk of the district court. The word order as used in that sense must mean the order referred

to and defined by the statute. An order dismissing an appeal carries out of court the action itself and constitutes a final order within the definition of the statute as contained in Section 4247, R. S. 1899, and which is as follows: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter." Section 4249 is as follows: "A judgment rendered or final order made by the district court, may be reversed, vacated or modified by the supreme court, for errors appearing on the record." From these sections it follows that an order dismissing an appeal from a justice court must be made by the district court and must appear upon the record of that court; and that the attempted dismissal of the appeal by the appellant's own entry upon the docket did not amount to an order of dismissal and was not sufficient to satisfy the requirement of these sections. The question is not whether the appellant would be entitled to an order of dismissal upon a motion therefor, but whether independent of such motion or order he could dismiss his appeal.

In Merrill v. Deering, 24 Minn., 179, the appeal was from the district to the supreme court, and in opposition to a motion to affirm the judgment the appellant presented a motion dismissing the appeal, served upon the respondent and filed, with proof of service, with the clerk. That court held that the supreme court having acquired jurisdiction it could not be deprived of the same at the mere will of the appellant. The court said: "He (meaning the appellant) should make application to the court for leave to dismiss. A mere notice that he dismisses is a nullity." In Weiman v. Dilger, 46 N. Y. Super. Ct., 101, the court said: "The notice that the appeal was withdrawn did not discontinue the appeal. An order was necessary to accomplish that * * *." To the same effect are Cart-

ledge v. Sloan, 124 Ala., 506, and State ex rel. Graham v. Judge, 24 La., 598. The order dismissing an appeal from a justice court may be upon motion of one of the parties or by consent of the parties, but no act of theirs can be substituted for an order of dismissal which is judicial in character and which, unless based upon the consent of the parties, is appealable. Such an order is based upon a judicial determination of the question as to whether the appellant has taken the necessary steps to entitle him to a trial *de novo* or has waived his right thereto. The following cases arose upon an order in each case denying the appellant's motion to dismiss his appeal. (Railroad Co. v. Hammond, 25 Kan., 208; Eden Musee Co. v. Yohe, 32 Neb., 452 (55 N. W., 866); Bacon v. Lawrence, 26 Ill., 53; Adkinson v. Gahan, 114 Ill., 21 (28 N. E. Rep., 380); State v. Monarty, 20 Ia., 595; 90 Ill. App., 269; Harper v. Albee, 10 Ia., 389; Hart v. Railway Co., 122 Wis., 308.) The foregoing are a few of the many cases showing the manner of preserving the question in the record for review and the general understanding of the profession as to the necessity for such an order. The record fails to show any such order and we are of the opinion that the attempted dismissal was a nullity. The court never lost jurisdiction over the case and the motion to reinstate the appeal was evidently made under a mistaken idea as to the effect of the entry made by appellant upon the docket and was superfluous; and further, if the case had lost its place upon the trial docket, it could have been and was reset for trial. This, as shown by the record, was done and the case was tried *de novo*.

2. Plaintiff in error, Idelman, objects to the judgment against him on the appeal undertaking. He was surety thereon and thereby conditionally entered his appearance in the case. The judgment runs against "Annie Mayott and Samuel Idelman, her surety." It is urged that Idelman was not a party to the original action, nor a party thereto on appeal; that the judgment against him is contrary to

the language and obligation of the undertaking and that the court erred in rendering an entirely different judgment from that appealed from.

The surety signed the undertaking for costs on appeal and stay of execution and thereby assumed all the obligations contained therein, and submitted himself to the jurisdiction of the court on the appeal to enforce the obligations thereby assumed. The undertaking must be construed in the light of the statutes in force at the time of its execution. Section 4408, R. S. 1899, is as follows: "When an appeal shall be dismissed or quashed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking, if there be an undertaking, shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant." Section 4412 is as follows: "In all cases of appeal from a justice's court, if the judgment of the justice be affirmed, or if, on trial anew in the district court, the judgment be against the appellant, such judgment shall be rendered against him and his sureties in the undertaking, if there be an undertaking." The undertaking is statutory, and while there is no authorization in the undertaking to enter judgment against the surety, yet the authority and jurisdiction to do so flows from the statute. (2 Cyc., 962.) When the surety signed the undertaking he authorized it to be filed in the case and also the entry of judgment against him on the conditions contained in Section 4412, *supra* (2 Cyc., 961 and 964, and authorities there cited.) The district court did not exceed its jurisdiction, but acted clearly within the powers conferred upon it by statute in the entry of the judgment against the principal and Idelman as surety in the undertaking.

The judgment will be affirmed.    *Affirmed.*

POTTER, C. J., and BEARD, J., concur.