## EVANS v. CHEYENNE CEMENT STONE AND BRICK COMPANY.
### (No. 673.)

APPEAL AND ERROR—PARTIES ON APPEAL—SURETY ON APPEAL BOND—MOTION FOR NEW TRIAL.

·1. There being no statute prescribing the necessary or proper parties to a proceeding in error in the Supreme Court, the question as to who are necessary or proper parties must be determined upon the rules applicable to the particular case, and the provisions of the civil code, so far as applicable by way of analogy, relating to parties to a civil action.

2. Where, upon a trial *de novo* in the District Court of a civil case appealed from a justice of the peace, judgment is rendered against the appellant, and also against his surety on the 'undertaking on appeal, as authorized by statute, the surety is not a necessary party to a proceeding in error for a review of the judgment, nor is it necessary to a consideration of the exceptions taken upon the trial by the principal judgment debtor that the surety shall have joined in the motion for new trial.

[Decided April 1, 1912.]          (122 Pac. 588.)

ERROR to the District Court, Laramie County; HON. CHARLES E. CARPENTER, JUDGE.

Heard on motion to dismiss. The material facts are stated in the opinion.

*M. A. Kline,* for defendant in error, in support of the motion to dismiss.

On an appeal from a joint judgment all parties affected by the judgment are necessary parties, and the failure to bring in such necessary parties is jurisdictional. (2 Cyc., 763, 764, 785; 4 Ency. L. & P. 114; Maytin v. Vela, 216 U. S. 598, 54 L. Ed., 632; Hardee v. Wilson, 146 U. S. 179, 36 L. Ed. 933; Loveless v. Ransom, 107 Fed. 626; Sipperly v. Smith, 155 U. S. 84, 39 L. Ed. 79; Ayres v. Polsdorfer, 105 Fed. 737; Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727.) Having adopted our civil code from the State of Ohio, it was adopted with the construction then placed thereon by the Ohio courts. (2 Lewis' Suth. Stat. Constr. 783.) In that state it had been held that all defendants in a joint judgment are necessary parties to a petition in error, and the rule to that effect has been since followed in that state. (Smetters v. Rainey, 14 O. St. 287; Burke v. Taylor, 45 Id. 444, 15 N. E. 471; Kreis v. Drott, 67 O. St. 516; Sohn v. Loan Co., 67 O. St. 516; Abair v. Bank, 3 O. C. C. 290; Kreis v. Drott, 21 O. C. C. 790. ) The same construction of the code has been adopted in Nebraska. (Wolf v. Murphy, 21 Neb. 472, 32 N. W. 303; Hendrickson v. Sullivan, 28 Neb. 790, 44 N. W. 1135; Andres v. Kridler, 60 N. W. 1014; Bates-Smith Inv. Co. v. Scott, 76 N. W. 1063.) And in Kansas and Oklahoma. (Vaught v. Bank, (Okl.) 111 Pac. 214; Strange v. Crismon, 22 Okl. 841, 98 Pac. 937; Board v. Lemley, (Okl.) 101 Pac. 109; Loan Co. v. Lumber Co., 53 Kan. 677, 37 Pac. 132; Paving Co. v. Botsford, (Kan.) 31 Pac. 1106; Inv. Co. v. Bank, 56 Kan. 49, 42 Pac. 321.) In this court it has been held that where an appeal by several parties from the State Board of Control is dismissed by the district court, and one of the appellants is made neither a party plaintiff nor party defendant to the petition in error, the petition is fatally defective in the absence of any excuse shown. (Johnston v. Irr. Co., 4 Wyo. 164, 33 Pac. 22.) The decisions generally agree with those in Ohio and the other states having the Ohio code. (McKnight v. McKnight, (Tex.) 124 S. W. 736; Clark v. Lowe (Tex.) 733; Handlin v. Dodt, 110 La. 936, 34 So. 881; Walsh v. Hill,.

(Ala.) 53 So. 746; Swafford v. Shirley, (Ga.) 66 S. E. 1022; Nichols v. Frank, (Fla.) 52 So. 146; Haymaker v. Schneck, 160 Ind. 443, 67 N. E. 181; Bassett v. Loewenstein, (R. I.) 49 Atl. 41; Tanquary v. Howard, 35 Colo. 125, 83 Pac. 647; McIntyre v. Sholty, 139 Ill. 171, 29 N. E. 43; Lydon v. Godard (Ida.) 51 Pac. 459; Griffin v. So. Pac. Co., (Utah) 87 Pac. 1091; Cooke v. Cooke, (Ill.) 62 N. E. 536; Scott v. Coal & Coke Co., (Ill.) 77 N. E. 122; Harrison v. Constr. Co., (Ind.) 83 N. E. 256; Queen v. Lipinsky, (Ind.) 45 N. E. 617; Trust Co. v. Ry. Co., 177 Fed. 854; Knight v. Acton, (Ia.) 109 N. W. 1089; Richardson v. Greenwood Twp., (Kan.) 50 Pac. 941; Lovejoy v. Ireland, 17 Md. 525, 79 Am. Dec. 667.)

All necessary parties must be brought in within the time limited by statute for bringing the proceeding in error or it will be dismissed. (Elliott on Appellate Proc., sec. 162; Lowe v. Delaney, (Fla.) 44 So. 710; Daughters v. Ins. Co., (Kan.) 62 Pac. 428; Strange v. Crismon, (Okl.) 98 Pac. 940; Bridge v. Hotel Co., (Kan.) 61 Pac. 754; Smith v. Mfg. Co., (Ky.) 58 S. W. 500; Curtis v. Atkinson, (Neb.) 46 N. W. 91; Farney v. Hamilton County, 75 N. W. 44; Queen v. Lipinsky, (Ind.) 45 N. E. 617; Holleran v. Ry. Co., (Ind.) 28 N. E. 549; Smetters v. Rainey, supra; Burke v. Taylor, supra; Patterson v. Hamilton, 26 Hun, 665; Seibel v. Bath, 5 Wyo. 409.) There is no vested right in a statutory right of appeal, and a statute prescribing the method of appeal is to be strictly construed. (Lewis' Suth. Stat. Constr., 567.)

*Lee & Mallin,* contra.

If the surety was a necessary party to the motion for new trial filed in the district court, his absence in this court is waived by the failure of objection in the lower court. (Bank v. Green, 40 O. St. 431; Cairnes v. Knight, 17 O. St. 68.) Statutory proceedings in error do not require the joinder of parties unless the statute so provides, and on appeal from an order overruling a motion for new trial the parties to the motion are the only necessary parties. (Mayor, &c., v.

Long, 31 Mo. 369; In re Luscombe's Will, 109 Wis. 186; Cooper Mfg. Co. v. Delahunt, 51 Pac. 649; In re Ryer's Estate, 42 Pac. 1082; Watson v. Sutro, 20 Pac. 88; Bliss v. Grayson, 59 Pac. 888.) Where a judgment is several or severable one party may appeal without joining the other. (2 Ency. Pl. & Pr. 186-188; Hanrick v. Patrick, 119 U. S. 163; Albuquerque v. Zeiger, 25 Pac. 787; So. Portland L. Co. v. Munger, 54 Pac. 815.) Joinder must be essential to have any effect on appeal. (2 Cyc., 784.) The surety is not an essential party for the reason that the judgment entered is severable, and one party alone may appeal from it; and for the further reason that he will not be adversely affected by any order made by this court, that is, his liabilities will not be increased. He is not interested in the merits of the case, and has no interest in the question as to whether or not the defendant in error complied with the terms of the agreement in controversy.

POTTER, JUSTICE.

The petition in error in this case was filed in the name of David P. Evans as plaintiff in error against the Cheyenne Cement Stone and Brick Company, a corporation, as defendant in error, and complains of a judgment recovered in the District Court for Laramie County against the plaintiff in error by the defendant in error. A motion to dismiss was filed by the defendant in error on the ground that the judgment complained of is a joint judgment against the plaintiff in error and one Albert Chapman, and that the latter did not join in the motion for new trial in the court below, nor in the petition in error. The case has been heard upon that motion.

It appears that the action was originally commenced before a justice of the peace by the defendant in error against Evans, and that the latter appealed to the district court from a judgment rendered against him by the justice, the undertaking on appeal being signed by said Chapman as surety. Upon a trial *de novo* in the district court judgment was again rendered in favor of the plaintiff, defendant in error

here, the relevant part of the judgment entry reading as
follows: "And it further appearing  *  *  *  from the
papers and pleadings of the parties as filed herein, that said
action, was begun in the justice court of W. F. Pagett, a
justice of the peace,  *  *  *  and that said cause is now
in this court upon an appeal taken from a judgment rend-
ered in said justice court against the defendant herein, and
that Albert Chapman is surety on the undertaking on appeal
from said judgment. It is therefore ordered, adjudged and
decreed by the court that the plaintiff do have and recover
from said defendant, David P. Evans, and Albert Chapman,
his surety, the sum of one hundred sixty three and 28/100
dollars ($163.28) and its costs taxed at $9.65, and that
plaintiff have execution therefor according to law; to all of
which findings and judgment the said defendant, by his at-
torneys, now and here excepts."

Upon appealing to the district court from a judgment of
a justice of the peace, the appellant is required to either pay
all the costs up to the time of the transmission of the
papers to the district court, or give bond to secure the same,
and such bond or undertaking may be included in the under-
taking given to stay execution. (Comp. Stat. sec. 5261.)
The undertaking to stay execution is required to be condi-
tioned for the payment of the amount of the judgment,
interest and costs that may accrue. (Id. sec. 5288.) By
the undertaking in this case the appellant and surety under-
took and acknowledged themselves to be firmly bound to the
appellee, "that the appellant shall prosecute his appeal to
effect with unnecessary delay, and that if judgment be
rendered against said appellant or his appeal be dismissed,
he shall satisfy said judgment and costs."

The statute provides that in all cases of appeals from a
justice's court, if the judgment of the justice be affirmed, or
if, on trial anew in the district court, the judgment be against
the appellant, such judgment shall be rendered against him
and his sureties in the undertaking. (Comp. Stat., sec.
5275.) By section 5276 it is provided that if, upon execu-

tion upon such judgment, the principal shall not pay the same, and the officer cannot find sufficient property of the principal to satisfy the same, the execution shall be enforced against the sureties in the undertaking, and that the officer shall specify in his return by whom the money was paid and the time thereof. Section 5277 provides in substance that the surety, who may have paid the whole or any part of such judgment, shall, on motion within one year from the return day of the execution, be entitled to a judgment against the principal for the amount so paid with legal interest thereon from the time of payment.

As we have no statute prescribing who shall constitute necessary or proper parties to a proceeding in error in this court, the question must be determined upon rules applicable to the case in hand, and the provisions of the code so far as applicable by way of analogy relating to parties to civil action. The code provides as to civil actions that an action must be brought in the name of the real party in interest, with certain stated exceptions; that all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided; that parties united in interest must be joined as plaintiffs or defendants, but if one who should be joined as plaintiff does not consent he may be joined as defendant; and the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights, but when the controversy cannot be determined without the presence of other parties, the court may order them to be brought in or dismiss the action without prejudice. (Comp. Stat. secs. 4311, 4323, 4325, 4331.)

It may be conceded that a surety against whom a judgment is rendered pursuant to the provisions of section 5275 may properly be joined with the principal in a petition in error in this court seeking a reversal or modification of the judgment. But to sustain the motion to dismiss it must be held that he is a necessary party. The general rule un-

doubtedly is that all parties against whom a joint judgment is rendered must, unless otherwise provided by statute, join in the application for a writ of error, or in the petition in error which, with the summons in error, application and order for the necessary record, serves the purpose of a writ of error under our practice. Formerly the rule could be avoided by summons and severance, and where that practice does not prevail some equivalent proceeding may be taken for the same purpose. In the Federal courts it is sufficient to show, to authorize an appeal by one of the parties to the joint judgment, that the parties not joining in the appeal had been notified in writing and notwithstanding do not join. It is not necessary to decide what the proper practice would be in this state. But without so deciding it may be suggested that possibly, by applying the code provisions governing civil actions, it might be proper and sufficient to make the parties who refuse to join defendants in error, or that perhaps a rule might. be entered requiring them to appear and assign error, or otherwise submit to be severed. The question here, however, is whether the general rule is applicable to the judgment and the facts in this case. And upon that question there is an apparent conflict in the authorities. A few older authorities seem to apply the rule strictly and technically to all parties named in the judgment, but the trend of the later decisions is the other way where not controlled by local precedent, as to a surety answerable for any judgment against the principal but not otherwise a party to the suit or record.

The cases are not in point which hold that sureties, who are sued upon a bond or other instrument together with the principal, are necessary parties on appeal from the judgment rendered against them jointly with the principal, for the sureties in such case are parties to the suit the same as the principal. The following cases in the state courts hold that the surety upon an appeal or cost bond, or a forthcoming bond and the like must be joined on appeal or error. (Eastland v. Jones. Minor (Ala.) 275; Sellers v. Smith,

143 Ala. 566, 39 So. 356; Thomas v. Wyatt, 9 S. & M. (Miss.) 308; Bethancourt v. Stephens, 19 La. Ann. 291; Pecoul v. Perret, 20 La. Ann. 70; Cline v. Mitchell, 1 Wash. 24, 23 Pac. 1013; Carstens v. Gustin, 18 Wash. 90, 50 Pac. 933; State ex rel. Port Townsend, 27 Wash. 728, 67 Pac. 1135.)

However, it is said in Bethancourt v. Stephens, supra, that the law declared the surety a party plaintiff in the case. That was an injunction suit, where the injunction was dissolved with damages. In an earlier case in the same court it was held that sureties on an attachment bond were not strictly parties to the suit and need not be made parties to an appeal, and it was said: "The sureties have an interest in maintaining the judgment appealed from, for the effect of the decree is to discharge their liability on the bond given for the release of the property attached, but they are not parties to the suit in which the judgment was rendered; they are not made parties by the pleadings; nor is there any law which makes them parties to the suit in the absence of pleadings. The general rule which requires that all parties interested in maintaining the judgment appealed from must be made appellees to the appeal, is limited in its operation to the parties to the suit, and does not extend to third parties interested in the judgment as rendered." (Patten et al. v. Powell, 16 La. Ann. 128.)

In several other states where the question has been decided upon similar facts, it is held that the surety named in the judgment is not a necessary party. (Christy v. Campbell, 36 Colo. 261, 87 Pac. 548; Halliday v. Wright, 43 Fla. 46, 29 So. 534; Thomas v. Price, 88 Ga. 533, 15 S. E. 11; Taylor v. Gardner, (Tex. Civ. App.) 99 S. W. 411; Hurst v. Lakin, 13 Ariz. 328, 114 Pac. 950.) In Thomas v. Price, supra, the Supreme Court of Georgia disposes of the question by saying: "We hold that the surety was not a necessary party, being represented by his principal and equally bound with him by the judgment." In Iowa the question was presented whether the surety upon a replevin

bond, against whom as well as the plaintiff the judgment for damages in the replevin suit was entered, could alone prosecute an appeal and thereby obtain a retrial of the issues between his principal and the defendant. It was held that he could not, the court saying: "The surety's undertaking is not a primary one. He agrees to be bound by his principal, to pay if the principal does not. The principal is the party to the action, and he is not. If the principal consents to judgment, he is bound by it, in the absence of fraud. So, if he fails to appear, he is equally bound. If he can litigate his principal's rights in his absence, and without his knowledge, so he could against his express dissent. If he can appeal in his own name, as a matter of legal right, then the principal cannot retire from the litigation, nor settle the same." And the statute permitting "any party aggrieved" to appeal, was held to mean parties to the action, and not those remotely or directly affected by the result, who are not such parties, and that the surety was not a party within the meaning of the statute. (Crites v. Littleton, 23 Ia. 205.) The exact question here presented was decided in the case above cited from Arizona, the court holding that the surety was not a necessary party. We quote from the opinion of Chief Justice Kent in that case:

"Under the statutes of this territory, judgment is entered against sureties upon both classes of bonds (forthcoming and appeal bonds) without notice and of course. They are in no proper sense parties to the suit in the court below, and are not heard therein. It is true that they are parties to the judgment. The statutes regulating practice upon appeal contemplate appeal or proceedings in error only by those parties entitled to be heard in the trial court. One of the reasons given for joining on appeal parties litigant in the ordinary case of an action upon a bond is that a reversal of the judgment as to the principal does not operate as a reversal as to the sureties. This reason is not applicable as to sureties of this class, for, although there is no technical reversal as to them, the reversal of the judgment as to their

.principal operates to discharge their .liability, inasmuch as their contract is merely to pay. the .judgment against the principal."

In the case· of Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437, a judgment was sought to be reviewed. by writ of error which had been rendered in an attachment suit against the sureties together with the principal upon a forth-coming bond. The sureties were .held to be necessary par-ties upon the facts, the court saying: "There is nothing dis-tributive in the judgment, so that it can be regarded as con-taining a separate judgment against the claimants and an-other separate judgment against the sureties, or as contain-ing a judgment against the sureties payable and enforceable only on a failure to recover the amount from the claimants; and execution is awarded against all the parties jointly." In a later case in the Circuit Court of Appeals, Fourth Circuit, the question arose· upon a decree in a case where a libel had been filed against a vessel, and the vessel released from arrest upon stipulation signed by the claimant and sureties. The decree was against the claimant, the principal in the stipulation, and his sureties. It was held that ·the claimant could appeal alone without any proceedings to effect a severance. After stating the general rule and citing in support thereof Estis v. Trabue, supra, the court said: "But this rule evidently applies only to the parties on the record. Sureties to a stipulation are not parties on the record. When a vessel is attached by proceedings in rem, the owner, or some one on his behalf, files a claim to her, and thenceforward becomes a party to the record, and con-ducts and controls the defense. If he be minded to release her from the arrest, he enters into a stipulation, with sureties, either before or after he files his answer, and thenceforward this stipulation represents the vessel. But the sureties do not become parties.  *  *  *  The stipulation having been returned to the court, judgment thereon against both the principal and the sureties may be recovered at the time of rendering the decree in the original cause.  *  *  *  In

other words, the sureties, in great measure, stand in the position of bail to the action. They are not parties to the cause. They are represented by the claimant; they covenant to pay such decree as may be made against him; and the decree binds them. * * * The invariable practice in this circuit certainly, and it is believed in other courts, is that the claimant in cases like this takes upon himself the whole defense, both in the lower courts and in the Supreme Court, and the sureties on his stipulation are bound by the result." (The Glide; Hudson v. Grafflin, 72 Fed. 200, 18 C. C. A. 504.) And the same conclusion was reached in considering a decree upon a like stipulation in the case of The New York, 104 Fed. 561, 44 C. C. A. 38. In the opinion of Judge Lurton, then Circuit Judge, it was said:

"To make the doctrine (of joinder) applicable, the controversy must be one to which there are two or more parties jointly interested as parties to the same litigation. If the decree or judgment be joint in form, but in law and fact separable, the mere form of the decree will not make it such a joint decree as to require those nominally joined to unite in appellate proceedings. * * * Such a stipulation stands in place of the vessel, and its obligation is discharged by compliance with the order or decree of the court against the owner or claimant, and the liability may be enforced by 'judgment thereon against both the principal and sureties' at the time of rendering the decree in the original cause. The suit or controversy in this case was between the intervening owner or claimant of The New York and the libellant and others. * * * To that controversy the surety upon the stipulation was not a party. Neither does the record indicate that any question arose touching the obligation of the surety company, or in any way involving the terms of the stipulation bond. If any such question had been made, the surety would doubtless have a right to be heard, and to take an appeal from any decree affecting its liability. * * * Unless some extraneous question arises, involving the scope or obligation of the sureties in such a bond, they are not

necessary parties to an appeal taken by any of the parties to the record.  *  *  *  We fail to see any greater reason for regarding the stipulators, sureties in such a bond, as necessary parties to an appeal, than there is for regarding the sureties in a cost bond as parties to the controversy.   In both cases the principal control the litigation, and the sureties are bound by the result.   In both cases, if a question arises as to the obligation of the surety, the latter, to the extent of his interest, should be heard, and for this purpose might appeal.   Undoubtedly, if the suit is upon a bond, and the judgment is against the surety as well as the principal, both must join.   But the reason is that the bond and its obligation is then the thing in controversy, and constitutes the subject matter of the obligation.   To this class of cases the case of Estis v. Trabue belongs."

These remarks of Judge Lurton, and those above quoted from the opinion in the case of The Glide apply with equal force to the facts upon which the present motion to dismiss must be determined.   The surety in the appeal bond is in a sense a party to the record, but he presents no issues to be tried in the case.   His liability depends entirely upon the outcome of the trial upon the issues between his principal and the opposing party.   He is represented in the case by the principal.   That is the effect of his obligation as surety, and for that reason the statute authorizes the judgment to be also rendered against him.   If his relation to the suit was such as to entitle him to be heard, it would then be necessary that an opportunity should be given him to be heard before entering the judgment against him.   But this court has held that a surety who signs an undertaking for costs on appeal and stay of execution assumes all the obligations therein contained construed in the light of the statute in force at the time;  and that the statute confers authority and jurisdiction to enter the judgment against the surety, without such authority being expressed in the undertaking.   (Mayott v. Knott, 16 Wyo. 108, 92 Pac. 240.)   While, for the purpose of authorizing the judgment against him his appear-

ance is entered in the case by signing the undertaking, his presence is not required at the trial, nor is he permitted to be represented there except by and through his principal, the appellant. The only possible matter that he, as surety, could litigate at any time would be the question of his own liability under the terms and conditions of his undertaking, and the authority of the court to enter a judgment against him thereon. No doubt he would be entitled to be heard upon that question should he properly apply therefor; but that would not involve any consideration of the liability of the principal upon the issues presented by the pleadings in the case. In other words, he is not a party to the case for the determination of any fact upon which the liability of his principal may depend. We think it clear also that if the judgment against the principal is reversed upon his petition in error, the liability of the surety under that judgment is at an end, though upon another trial, if one be had, a judgment might again be entered against him. This is so for the reason, if no other, that an execution is authorized to be enforced against him only in case the principal fails to pay, or the officer cannot find sufficient property of the principal to satisfy the amount; and, since, upon reversal, an execution could not be issued against the principal, it follows that none could be issued against the surety.

Considering the provision of the statute making the liability of the surety named in the judgment conditional upon the failure to collect from the principal, the remarks of the court in Estis v. Trabue, in stating the reasons for the dismissal in that case, are pertinent. One of the reasons stated was that the judgment there complained of could not be regarded as "containing a judgment enforceable against the sureties only on a failure to recover the amount from the claimant." That is the condition of the judgment in the case at bar as controlled by the statute, and, therefore, whatever the form of the judgment, the obligation of the principal and surety thereon is not necessarily to be regarded as joint, so as to make the judgment a joint one within the

meaning of the rule requiring all parties against whom a joint judgment is rendered to join in the appellate proceeding. This court has held that whether a judgment against the surety upon a replevin bond was proper, independent of any error as against the principal, is not a question which can be raised by the principal on error, where the surety is not a party to the error proceeding. (Turner v. Horton, 18 Wyo. 281, 106 Pac. 688.) The only possible matter that the surety could litigate would be the authority and jurisdiction of the court to render a judgment against him, including the question of his liability upon the terms and conditions of the bond, unaffected by the issues between the parties to the cause. (New York, supra.) We fail to see any substantial reason for requiring him to be joined to have determined the question of the liability of the principal upon the issues in the case, and the questions arising upon the exceptions taken at the trial by the principal.

What has been said is sufficient also to dispose of that ground of the motion that the surety did not join in the motion for new trial. For the purpose of preserving and presenting on error the exceptions taken by the principal, the defendant below and appellant, it was not necessary for the surety to join in the motion for new trial.

The motion to dismiss will be denied.

BEARD, C. J., and SCOTT, J., concur.