THE DARLINGTON-MILLER LUMBER CO. v. A. S. HALL.

JUDGMENT OF PROBATE COURT SITTING AS A JUSTICE OF THE PEACE— *Dismissal of Appeal From.* A party appealing from a judgment of a probate court, sitting as a justice of the peace, may dismiss such appeal at any time before the commencement of the trial in the district court without the consent of the other party; and upon such dismissal, the judgment of the probate court is restored and has the same force and effect as though no appeal had been taken. It is error for the district court to refuse to permit such appeal to be dismissed and to proceed thereafter with the trial of the cause upon the merits.

*Appeal from the District Court of Logan County.*

*H. R. Thurston,* for appellant.

*Keaton & Cotteral,* for appellees.

The opinion of the court was delivered by

TARSNEY, J.:   Action commenced in the probate court of Logan county, by the appellee to recover of the appellant a balance of $66.59 on account for lumber sold and delivered.   Appellant answered in said cause setting up

a counter-claim, asking that the same be set off against the claim of the appellee and for judgment over for $13.21. Judgment in the probate court for the plaintiff therein for one dollar and costs.

Appealed to the district court of Logan county, by the defendant. Motion in the district court, filed by appellant herein to dismiss his appeal in said cause, which motion was, on April 18, 1894, sustained and by order of the district court the appeal was dismissed. Thereafter, on the 2d day of July, 1894, appellee herein filed his motion to vacate the order dismissing said appeal, and thereafter, on the 1st day of September, 1894, said motion was by the court considered and sustained, to which ruling of the court the appellant duly excepted; afterwards on the 23d day of October, 1895, the appellant herein filed his motion to dismiss said appeal, which motion was, on the same day, overruled. On said day the cause was tried in the district court upon the merits, the appellant herein having first, by leave of the court, filed therein an amended answer setting up the fact that subsequent to the order of said court dismissing said appeal, and prior to the order of the court setting aside said order of dismissal, appellant had paid to the clerk of said court the amount of said judgment, together with all costs accrued therein. And the said court rendered judgment in said cause in favor of the appellee herein and against the appellant, for the sum of $30.17 and $8.07 attorney's fees and for costs of suit. The appellant duly excepted and has brought the case to this court by appeal.

The only error complained of or question raised by the appellant in this court, arises out of the action of the district court, in reinstating said cause, after sustaining the motion to dismiss the appeal therein.

Counsel for appellant contends that the appellant having taken the appeal from the judgment of the probate court, had the right to control said appeal and might dismiss the same without the consent of the other party to such appeal.

We think this contention must be sustained. We have been cited to but one authority by counsel for either party in this cause which bears upon the issue presented, namely, the case of the *K. C. Ft. S. & G. R. R. Co. v. Hammond*, 25 Kan. 208, is directly in point. In that case Mr. Justice Brewer says:

"Without noticing any further matters in the record, we are clearly of opinion that the court erred in overruling this motion." (A motion by appellant to dismiss his appeal, taken from the judgment of a justice of the peace.) "A party who takes an appeal, can withdraw it at any time before the commencement of the trial, and probably at any time before final submission of the case. Generally, it is true in legal proceedings that a moving party may abandon his proceedings at any time before the final submission. An appeal is simply the proceeding of one party, the appellant. It is as much under his control as the prosecution of an original action is under the control of the plaintiff."

And in that case the court held that it was error on the part of the district court to refuse to permit the appellant to dismiss his appeal.

In *Bacon v. Lawrence*, 26 Ill. 53, it was held that an appellant in a case appealed from a justice court to the circuit court, had an undoubted right to dismiss his appeal. The court says:

"If the appellee is not satisfied with the judgment of the justice of the peace he should himself have taken an appeal. By not doing so he acquiesed in that judgment and must now be content with it. Taking an appeal by one party does not deprive the other of the right to do the same thing."

In *Steamboat Delta v. Walker et al.* 24 Ill. 236, Mr. Justice Breese says:

"Upon the remaining point that the court refused to allow the appellant to dismiss his appeal, we have this to say: That as a general rule, a party can dismiss his appeal, but the motion must be made at a proper time. In this case, the parties had proceeded to trial before the court and a full investigation was had, and the court had found its verdict. Subsequently the defendant entered his motion for a new trial, which was overruled, at which stage the appellant moved to dismiss his appeal.

"We think some discretionary power in such a case should vest in a court to allow or disallow such a motion at such a stage of the proceedings."

And in *Lathams & Demmings Appeals*, 9 Wall. 145, the syllabus of the case is:

"An appellant has a right to have his appeal dismissed notwithstanding the opposition of the other side."

Counsel for appellee has cited us to a number of cases decided by the supreme court of Missouri to the effect that when an appeal is taken from the judgment of a justice the perfecting of the appeal divests the judgment of its legal effect; that the appellate court becomes possessed of the cause and must enter a judgment of its own, disregarding the evidence before the justice and the rulings of the justice. The statutes of Missouri upon which these decisions are based is entirely dissimilar to that under which the appeal was taken from the probate court in the case at bar. The statute of Missouri providing that where the appeal is dismissed, the judgment of the justice shall be affirmed by the circuit court, and thereupon such judgment becomes a judgment of the circuit court and is enforced therein. We are clearly of the opinion that the district court erred in sustaining the motion of the appellee to reinstate said cause, after the

appeal had been dismissed, and in refusing to sustain the second motion of appellant for leave to dismiss his appeal, and in proceeding thereafter with the trial of said cause, and rendering a judgment therein.

For the reasons stated, the judgment of the district court will be reversed with instructions to the court below to sustain the motion of appellant and dismiss the appeal from the judgment of the probate court.

Dale, C. J., having presided in the court below not sitting; all the other Justices concurring.