## LINDSEY ET AL. v. HEWITT ET AL.

[No. 6,420. Filed December 8, 1908.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 575.

2. REPLEVIN. — *Bonds.* — *Breach.* — *Damages.* — Where 'the record shows the execution of a replevin bond for the return of the property in question, a trial, and a verdict for the return of the property to the defendants, on a failure to return said property a breach of the bond occurs giving a right of action in damages. p. 575.

3. SAME.—*Judgment.*—*Return of Property.*—*Value.*—Under §§575, 599 Burns 1908, §§549, 572 R. S. 1881, the jury, in an action in replevin, must assess the value of the property and the damages for detention; and whenever there is a verdict for the return of the property, the judgment may be in the alternative for such return or for the value of the property. p. 575.

4. SAME. — *Judgment.* — *Return.* — *Bonds.* — *Breach.* — Where the plaintiff has possession of the property in question, and the defendant has judgment for its return the value of the property not being found, the defendant has a right of action on the bond for the value of the property. p. 575.

5. SAME.—*Judgment.*—*Res Judicata.*—Matters litigated in an action in replevin cannot be relitigated in an action on the replevin bond; and all matters which might have been litigated under the issues are presumed to have been litigated. p. 577.

6. COSTS.—*Replevin.*—*Adjudication of.*—*Finality.*—Where defendants in an action in replevin recovered a judgment for their costs, such judgment is conclusive in a subsequent action on the replevin bond. p. 577.

7. REPLEVIN.—*Judgment.*—*Value.*—*Estoppel.*—Where plaintiffs, in an action in replevin, failed to assert their right to have determined the value of the property in question,. they are estopped, in an action by defendants on their replevin bond from asserting that such value should have been determined in the action in replevin. p. 577.

8. DAMAGES.—*Replevin.*—*Interest.*—The damages recoverable in an action on a replevin bond, where plaintiffs failed to return the property, consist of the market value of the property at the time of the replevin trial, less the cost of preparing same for market, if any, together with six per cent interest thereon until the trial in the action on the bond. p. 577.

9. SAME.—*Replevin.*—*Return of Property.*—*Depreciation.*—The damages recoverable in an action of replevin, where the property depreciated after its seizure by the plaintiff, is the value of such

property at the time of its seizure, together with interest from such time; but where its value is greater at the time of judgment for its return, the defendants are entitled to its value at such time.   p. 577.

10.   EVIDENCE.—*Judicial Notice.—Price of Wheat and Corn.—* Courts take judicial notice that the price of wheat, corn and tobacco fluctuates.   p. 579.

11.   APPEAL.—*Weighing Evidence.—*The Appellate Court will not weigh conflicting evidence.   p. 579.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Asa Hewitt and another against Thomas W. Lindsey and another. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Frank H. Hatfield* and *John W. Brill,* for appellants.
*W. Z. Bennett* and *James R. Wilson,* for appellees.

COMSTOCK, P. J.—Appellees sought to recover on two replevin bonds executed by the appellants in the months of July and October, 1904. Upon the execution of the bonds and the issuance of a writ of replevin the sheriff of Warrick county delivered to appellant Lindsey certain property, to wit, 102 shocks of wheat, 800 pounds of tobacco and 180 bushels of corn. The cause was put at issue and a trial had resulting in a verdict for $224.95, $24.95 of which was remitted, and a judgment rendered for $200. Each of said bonds was conditioned that appellant Lindsey would prosecute his action with effect and without delay, and return said property to appellees, if return should be adjudged by the court, and that he would pay to appellees all sums of money which might be recovered in the action.

In the replevin proceedings, the Superior Court of Vanderburgh County, in March, 1905, adjudged that the appellees were the owners, and entitled to the possession, of the property described in the complaint and heretofore set out; that they have the return of the same, and that appellees recover from appellant Lindsey their costs in said cause

paid out and expended, but did not find or adjudge that the property was of any value.

While numerous errors are assigned, the only one discussed—and under the rules the others are waived —is the overruling of appellants' motion for a new trial.

Of the reasons for a new trial argued, we deem it necessary only to consider: (1) Whether an action on the bond may be maintained for the value of the property, although the jury in the trial of the action failed to find the value thereof, where judgment for return was awarded to the defendant; (2) whether the court erred in giving to the jury instructions one and two of its own motion and in refusing to give instructions one and two requested by appellants.

The controversy is over these questions presented in various forms. The record presents a valid bond and the conditions broken. The breach is the failure to return the property. The right of action on the bond carries with it the right of damages for failing to perform its conditions.

Sections 575, 599 Burns 1908, §§549, 572 R. S. 1881, require that in actions for replevin the jury must assess the value of the property and the damages for the taking or detention thereof. Whenever, by their verdict, there will be a judgment for the recovery or return of the property, the judgment may be in the alternative for such return or the value thereof in case a return cannot be had.

Where the plaintiff is in possession of the property, and the defendant recovers judgment for its return, but the value of the property is not found, the defendant may still have his action on the bond to recover the value of the property. *Yelton* v. *Slinkard* (1882), 85 Ind. 191; *Whitney* v. *Lehmer* (1866), 26 Ind. 503.

This holding is upon the ground that the right of action arises by the common law out of a breach of the contract, and, the statute giving a remedy without negative words, the common-law remedy still remains, and may be pursued at the plaintiff's option. In the case last named the court, at page 506, say: "An assessment of the value of the property in the replevin suit, and a judgment in the alternative for its return or its value, would, as evidence, undoubtedly have bound the parties upon the question of value, for the reason that it would have been a judicial determination of that question by a tribunal having that authority, putting it at rest forever. But it does not follow that the absence of such assessment and judgment shall have the practical effect of a finding and judgment that the property was of no value, or that no other tribunal shall examine the question. Common justice, as well as reason, would be shocked by the announcement of such a doctrine."

The foregoing are the only Indiana cases passing upon the precise question here involved. In other jurisdictions, under statutes substantially like ours, the question has been decided the same way. *Gardiner* v. *McDermott* (1878), 12 R. I. 206; *Pierce* v. *King* (1884), 14 R. I. 611; *Myers* v. *Dixon* (1902), 106 Ill. App. 322; *Washington Ice Co.* v. *Webster* (1888), 125 U. S. 426, 8 Sup. Ct. 947, 31 L. Ed. 799; *Washington Ice Co.* v. *Webster* (1873), 62 Me. 341, 16 Am. Rep. 462; *Balsley* v. *Hoffman* (1850), 13 Pa. St. 603; *Pittsburgh Nat. Bank, etc.,* v. *Hall* (1884), 107 Pa. St. 583, 588, 589; *Sweeney* v. *Lomme* (1874), 22 Wall. (U. S.) 208, 22 L. Ed. 727; *Leighton* v. *Brown* (1868), 98 Mass. 515, 516.

In the case last named, in which the action was upon a replevin bond, plaintiff had possession of the property, and judgment was for a return, the court say: "The breach assigned is the failure of the principal defendant, as plaintiff in the replevin suit, to comply with the order to return the property replevied, which was a part of the final judgment in that action. Damages for that breach must be the

value of the property replevied. In ascertaining the value of the (property) which was taken by the replevin writ and which the principal defendant now fails to restore, the leading principle is, that the party who has been deprived of his property is entitled as far as possible to complete indemnity.''

It is universally held that matters litigated in the replevin suit cannot be retried in the suit on the bond, and it will be presumed that all matters that might have been, were litigated. *Jackson* v. *Morgan* (1906), 167 Ind. 528.

It appears that the costs were adjudicated. This is a final settlement as to them. It also appears that there was no adjudication as to the value of the property. The failure to adjudicate the value of the property is as justly chargeable to appellants as to appellees.

Appellants, having failed to assert the right then, cannot be heard to object now to the adjudication of the value of the property. They should not be permitted, by disregarding the order of the court, and failing to return the property, to injure the adversary party and thus benefit themselves.

The instructions in question related to the measure of damages. Those given told the jury that the measure of damages was the market value of the property at plaintiffs' farm at the time of the trial of the replevin action when judgment was rendered for the return of the property, less the reasonable charge for labor and care thereon in preparing the same for market, with six per cent interest from date of such judgment (March 24, 1905) until time of the trial.

The first instruction refused charged that the plaintiffs were entitled to recover the value of the articles replevied, and that all questions, except as to the value of the articles, were adjudicated in the replevin action.

The second instruction refused fixed the damages

at the value of the articles in their condition and location at the time the replevin action was instituted and the property taken by virtue thereof, with six per cent interest to this time.

In the event of a depreciation in the value after the taking and before the judgment of return this rule ought to apply as shown by the decisions hereinafter given. The position of appellants with reference to the action of the court as to these instructions is not well founded. It is the general rule, for the purpose of recovery in an action on a bond or undertaking, that the value of the property be estimated as of the time of the judgment for its return with interest thereon to the time of the trial. *Swift* v. *Barnes* (1834), 16 Pick. (Mass.) 194, 196, 197; *Caldwell* v. *West* (1848), 21 N. J. L. 411, 416, 417; *Peacock* v. *Haney* (1874), 37 N. J. L. 179, 181; *Western Mortgage, etc., Co.* v. *Shelton* (1894), 8 Tex. Civ. App. 550; *Talcott* v. *Rose* (1901), (Tex. Civ. App.), 64 S. W. 1009; *Walls* v. *Johnson* (1861), 16 Ind. 374; *Hopkins* v. *Ladd* (1864), 35 Ill. 178.

In *Yelton* v. *Slinkard, supra,* it is said, at page 194: "If the property has been entirely destroyed, so that a return could not be had, the measure of damages would be the value of the property, at least." In this connection, see, also, *Whitney* v. *Lehmer, supra. Peters Box, etc., Co.* v. *Lesh* (1889), 119 Ind. 98, and other Indiana cases cited by appellants are not necessarily in conflict with the foregoing Indiana cases.

It has been held that, if the value of the property was greater at the time of the order for its return than at the time it was taken under the replevin writ, the defendant in replevin is entitled to recover in an action upon the bond the value at the time of the order for its return. *Treman* v. *Morris* (1881), 9 Ill. App. 237; *Leighton* v. *Brown, supra.*

If, pending the action of replevin, and before the rendition of the judgment for the return of the property, the property

has depreciated in value through the fault of plaintiff in replevin, the defendant has been held entitled to recover for its nonreturn, its value at the time it was taken under the replevin writ. *Bradley* v. *Reynolds* (1892), 61 Conn. 271, 284-286.

In *Page* v. *Fowler* (1870), 39 Cal. 412, 426, in which the question before us is ably considered, and in which many cases are cited and commented upon, the court say: ''In other words, the rule deducible from the authorities is, that in cases affecting property of a fluctuating value, where exemplary damages are not allowed, the correct measure of damages, is the highest market value within a reasonable time after the property was taken, with interest computed from the time such value was estimated. This is, in effect, the rule established in *Scott* v. *Roger* [1864], 31 N. Y. 676, where the precise question was more elaborately discussed than in any other case.''

The courts take judicial notice that wheat, corn and tobacco have fluctuating values. The rule stated by the trial court, giving to appellees the value of the property from the time they were awarded its return with interest until the trial upon the bond, is amply supported by authority and was favorable to appellants.

Appellants insist that the judgment is excessive. The verdict returned was for $224.95. The court upon hearing the argument upon the motion for a new trial—excessive verdict being one of the reasons therefor—required appellees to remit $24.95, which was done and judgment rendered for $200.

The attention of the trial court was called to this claim as to the amount of the verdict. The question therefore came directly under review by the trial court. There was some conflict in the evidence as to the value of the articles, but the trial court was manifestly clear that the judgment for $200 was warranted by the evidence,

and, looking at the record, we cannot say that this verdict was not sustained by the evidence.

Judgment affirmed.