## GREEN v. REHBINE *et al.*

No. 3503.   Opinion Filed October 13, 1914.

(143 Pac. 182.)

1.   **REPLEVIN—Original Action on Bond—Right to Maintain.** Where the plaintiff, in an action of replevin, procures posses-

sion of chattel property by reason of an undertaking issued under section 6321, Comp. Laws 1909 (Rev. Laws 1910, section 5400), and judgment is rendered for defendant in that action for damages in the sum of $1, and for a return of the property, but the value of the property is not determined, the defendant may maintain an original action on the bond for the value of the property so taken.

2. **SAME—Petition—Sufficiency.** A petition in an action on a replevin bond which recites the proceedings in which the writ of replevin was obtained, the filing of the bond, the rendering of judgment upon the trial in favor of the defendant therein, and the failure to satisfy the judgment by a return of the property as required by the terms of the bond, is good as against a demurrer.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Blaine County;*

*George W. Ferguson, Judge.*

Action by R. M. Green against A. K. Rehbine and another Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*I. H. Lookabaugh,* for plaintiff in error.

*Ed. Baker,* for defendants in error.

Opinion by RITTENHOUSE, C.  In February, 1909, A. R. Rehbine brought an action in replevin against R. M. Green, and executed a bond in replevin signed by himself and D. S. Deleplane as surety.  The replevin action was tried and resulted in a judgment in favor of the defendant, R. M. Green, for damages in the sum of $1, and a finding that at the commencement of the replevin action the defendant was entitled to the possession of the cattle involved, and there was ordered a return of such cattle to the defendant, which were then in the possession of the plaintiff.  An execution was issued pursuant to such judgment for damages, costs, and a return of the cattle.  The costs and damages were paid, and execution returned, "Cattle not found."  This action was instituted to recover the value of the cattle taken under the replevin bond and not returned to the defendant according to the terms thereof.  The petition recites:

Green v. Rehbine et al.

"That on or about the 4th day of February, A. D. 1909, the said defendant A. R. Rehbine instituted an action in replevin in the justice court of F. N. Conklin, a justice of the peace within and for Watonga, Blaine county, Okla., against this plaintiff, R. M. Green, and at the time of the institution of said action said defendant A. R. Rehbine obtained an order of replevin for the seizure of certain property then in the lawful possession of said plaintiff; and that to obtain such order of replevin and the property covered thereby, and then in the lawful possession of said plaintiff, the said defendants, A. R. Rehbine and D. S. Deleplane, made, executed, and delivered to said justice, F. N. Conklin, their certain bond in replevin in said action, a true, full, correct, and complete copy of which said bond in replevin is hereto attached and made a part hereof and marked Exhibit A; that under and by virtue of the giving of said bond and causing said order of replevin to be issued and placed in the hands of the officer for service in said action and that under and by virtue of said order of replevin the said sheriff of Blaine county, Okla., at the instance and request of said defendants, took from said plaintiff under said writ or order of replevin nine head of cattle, all of the value of $195.

"Plaintiff further states that afterwards said defendant, R. M. Green in said replevin action filed in said court his answer in the form of a general denial, thereby controverting every allegation in the bill of particulars and affidavit of replevin filed by said plaintiff in said action, and that after an appeal had been regularly taken from said justice court in said case to the county court of Blaine county, Okla., said case came regularly on to be heard and tried by the court and the jury on the merits of said controversy on the 16th day of July, 1910, and after due and legal trial by the court and a jury and due consideration thereof on the merits, the court rendered judgment in said cause in favor of this plaintiff, defendant in said case, for the return of said property to said plaintiff, defendant in said suit, and for his damages sustained on account of the wrongful taking thereof in the sum of $1, a true, full, correct, and complete copy of which said judgment and journal entry of said court in said case is hereto attached and made a part hereof, marked Exhibit B; that on the 27th day of July, 1910, the said plaintiff, defendant in said replevin action, caused an execution to issue out of the county court for the enforcement of the judgment in said action so rendered as aforesaid, and the same was placed in the hands of the sheriff of Blaine county, Okla., for service, and that on

the 1st day of October, 1910, the said sheriff returned said execution with the indorsement of, 'No such property found,' or words to that effect; copy of which execution is hereto attached, marked Exhibit C; that said defendants in their said bonds promised and agreed to become liable to the plaintiff 'if the property replevined in said action be delivered to him that he will return the same to the defendant if a return thereof be adjudged'; that said property was delivered to said defendants, and that said defendants have not returned the same or the value thereof to the plaintiff in accordance with said judgment and decree, and said defendants are thereby and therefore liable and bound to the plaintiff for his damages so sustained on account of their failure to carry out their obligations in the sum of $195 in accordance with the terms and conditions of said bond."

To this petition the defendant in this action filed a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and the ruling of the trial court presented as error.

Comp. Laws 1909, sec. 6321 (Rev. Laws 1910, sec. 5400), provides for the execution and approval of replevin bonds in actions before a justice of the peace in a sum not less than double the value of the property as stated in the affidavit to the effect that the plaintiff shall prosecute the action, and pay all the costs and damages which may be awarded against him, and if the property be delivered to him that he will return the same to the defendant, if a return thereof be adjudged. The bond sued on complied with all the conditions contained in this section.

The contention in this case is that the judgment for a return of the property to the defendant is insufficient, for the reason that under section 6329, Comp. Laws 1909 (Rev. Laws 1910, sec. 5408), the judgment should be for a return of the property or for the value thereof in case a return could not be had. Under this section the judgment should have been in the alternative, and in this respect it is irregular, but not to such an extent that it invalidates the same. It is a valid judgment in so far as it goes, and cannot be attacked collaterally. The bond

provides that the property will be returned to the defendant if a return thereof be adjudged. A return was adjudged, and the property was not delivered to the defendant; therefore a cause of action arose on the bond, and the surety cannot be heard to complain that the judgment was not in the alternative. He was not a party to that suit, and was not in position to litigate the question of the value of the property there, while in this action he has an opportunity to be heard on the question of its value, and while we hold that the judgment was irregular, in that it did not render judgment in the alternative, yet this failure was not prejudicial to either the plaintiff or his surety, and they cannot be heard to complain in this action.

It was held in *Whitney v. Lehmer,* 26 Ind. 503, in a case similar in many respects to the case at bar, in speaking of the question on the failure to render a judgment in the alternative:

"It does not follow that the absence of such assessment and judgment shall have the practical effect of a finding and judgment that the property was of no value, or that no other tribunal shall examine the question."

And this holding was followed in an opinion written by Justice Brewer in *Marix v. Franke,* 9 Kan. 132, in which the court says in the syllabus:

"An action can be maintained upon an undertaking given in a replevin action, in pursuance of section 182 of the Civil Code, where judgment has been rendered for the plaintiff, although such judgment is entered simply for the recovery of the possession of the property, and not in the alternative for the recovery of the property or the value in case a delivery cannot be had. Judgment in replevin should be in the alternative, as provided by section 185 of the Code; and it is error not to enter the judgment in such form. Still, unless such error affects substantial rights, or operates prejudicially to the interests of a party, it will be disregarded."

We therefore hold that, where the plaintiff has possession of the property by reason of the execution and approval of a replevin bond, and the defendant procures judgment for a return of the property, without the value of the property being deter-

mined, the defendant may maintain an original action on the bond for the value of the property taken thereunder. *Capital Lumber Co. v. Learned et al.,* 36 Ore. 544, 59 Pac. 454, 78 Am. St. Rep. 792; *Marix v. Franke,* 9 Kan. 132; *Whitney et al. v. Lehmer et al., supra; Lindsey et al. v. Hewitt et al.,* 42 Ind. App. 573, 86 N. E. 446.

The petition in this case recites the proceedings in which the writ of replevin was obtained, the filing of the bond in replevin, the rendering of judgment upon the trial in favor of the defendant therein for a return of the property, and the failure to satisfy the judgment by a return of the property as required by the terms of the bond. These allegations are sufficient to entitle the plaintiff to recover on the bond, and the demurrer was improperly sustained.

The cause should, therefore, be reversed and remanded.

By the Court: It is so ordered.