## O'ROURKE v. O'ROURKE.

No. 19059. Opinion Filed April 1, 1930.

J. F. King, for plaintiff in error.

O. E. McKenzie, for defendant in error.

LEACH, C. This action was commenced in a justice of the peace court of Kay county by Minna O'Rourke against Mary O'Rourke, to recover possession of certain described personal property, the value thereof being fixed in the replevin affidavit at the sum of $141.50, the plaintiff asserting ownership thereof; the property was taken under a writ of replevin and delivered to the plaintiff, no redelivery bond being given.

Upon trial of the cause in the justice court, the issues were found in favor of the defendant and it was there adjudged that the defendant was the owner of the property involved and entitled to its possession, and the plaintiff appealed the case to the district court of Kay county.

When the case was called for trial in the district court, the plaintiff, Minna O'Rourke, by her attorney, moved the court to dismiss her appeal in said cause and filed therein a written dismissal of her appeal in said cause, which motion and dismissal were denied and the action was tried to the court in the absence of the plaintiff or her counsel, resulting in a judgment in favor of the defendant for the return of the property, and in case a return thereof could not be had, then for judgment for its value fixed at the sum of $1,276.46.

Thereafter the plaintiff, Minna O'Rourke, filed her motion in the district court to vacate, set aside, and hold for naught, the trial, findings and judgment of the court in said cause and dismiss the appeal of the plaintiff on the ground that the court erred in overruling and denying the motion to dismiss her appeal, and that the court had no authority or jurisdiction to try such cause or enter the judgment therein. Upon a hearing on such motion, the district court sustained the motion as to vacating and setting aside the judgment and entered its order accordingly, but apparently denied that part of the motion to dismiss the appeal and again set the cause down for trial. Upon a second trial of the cause in the district court, judgment was entered in favor of the defendant against the plaintiff for

"* * * the return of said property by said plaintiff, or in lieu thereof the value of same in the sum of $376.65. * * *"

The plaintiff presented her motion for a new trial based upon several grounds, the first being:

"Because the court erred in overruling the motion of the plaintiff in this cause to dismiss her appeal."

The motion for new trial was denied, and the plaintiff brings this appeal, setting forth in her petition in error several grounds for reversal, only one of which we deem it necessary to consider; that is, that the trial court erred in overruling and denying the motion of the plaintiff to dismiss her appeal. It is the contention of the plaintiff that she, having taken the appeal from the judgment in the justice court, had the right to control said appeal and dismiss the same at any time before commencement of the trial in the district court. In support of the contention, our attention is called to the early case of Darlington Miller Lumber Co. v. A. S. Hall, 4 Okla. 668, 46 Pac. 493, it being there held that it was error for the district court to refuse to permit an appeal to be dismissed and to proceed thereafter with the trial of the cause upon the merits. In the body of the opinion in that case, the following reference and quotation will be found:

"* * * The case of K. C., Ft. S. & G. R. R. Co. v. Hammond, 25 Kan. 208, is directly in point. In that case Mr. Justice Brewer says: 'Without noticing any further matters in the record, we are clearly of opinion that the court erred in overruling this motion. (A motion by appellant to dismiss his appeal, taken from the judgment of a justice of the peace.) A party who takes an appeal, can withdraw it at any time before the commencement of the trial, and probably at any time before final submission of the case. Generally, it is true in legal proceedings that a moving party may abandon his proceedings at any time before the final submission. An appeal is simply the proceeding of one party, the appellant. It is as much under his control as the prosecution of an original action is under the control of the plaintiff.' "

The cases of Bacon v. Lawrence, 26 Ill. 53; Steamboat Delta v. Walker, 24 Ill. 236; Lathams & Demming's Appeals, 9 Wall. 145, are also cited as authority for the holding in the Lumber Co. v. Hall Case, supra.

We are not advised upon what theory the district court refused to dismiss the appeal in the instant case unless it was upon the theory here advanced by the defendant that she, defendant, had the right to have the district court proceed under the provision of section 334, C. O. S. 1921, which is as follows:

"If the property has been delivered to the plaintiff, and judgment rendered against

him, on demurrer, or if he otherwise fail to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, proceed to inquire into the right of property, and right of possession of the defendant to the property taken."

Section 950, C. O. S. 1921, relative to replevin in justice court, is very similar to the provision of section 334, supra. We do not consider the quoted section of the statute applicable or sufficient to justify the district court in its action in denying the motion to dismiss and in proceeding with the trial of the cause. The quoted section of statute 334, supra, as will be observed from its language, is applicable only in cases where the property has been delivered to the plaintiff and judgment rendered against him, on demurrer, or if he otherwise failed to prosecute his action to final judgment. In the instant case a trial was had of the cause in justice court and judgment rendered in favor of the defendant for the possession of the property. The justice court, so far as record shows, failed to find the value of the property, and the defendant apparently asked no damages for the detention or taking of the same. Such failure, however, would not prevent the defendant from recovering the value of the property in case its recovery could not be had, as was so held in the case of Green v. Rehbine, 44 Okla. 96, 144 Pac. 182, that being an action on replevin bond and growing out of a replevin suit in a justice of the peace court, and it is stated in the body of the opinion in that case:

"We therefore hold that, where the plaintiff has possession of the property by reason of the execution and approval of a replevin bond, and the defendant procures judgment for a return of the property, without the value of the property being determined, the defendant may maintain an original action on the bond for the value of the property taken thereunder. Capital Lumber Co. v. Learned, 36 Ore. 544, 59 Pac. 454, 78 Am. St. Rep. 792; Marix v. Franke, 9 Kan. 132; Whitney v. Lehmer, supra; Lindsey v. Hewitt, 42 Ind. App. 573, 86 N. E. 446."

See, also, Crisp v. Gillespey, Sheriff, 50 Okla. 541, 151 Pac. 196.

The defendant having failed to appeal from the judgment in the justice court, she will be deemed to acquiesce therein.

"Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal." Van Arsdale & Osborne v. Olustee School Dist. No. 35, of Greer County, 23 Okla. 894, 101 Pac. 1121; Simons v. Floyd, 74 Okla. 134, 177 Pac. 608.

Section 1013, C. O. S. 1921, relating to appeals from the justice of the peace courts, provides in part:

"* * * If the appeal be taken within ten days next preceding such term of the court, no issue of fact joined in such action shall be tried at such first term, unless upon the written consent of both parties to the action; but it shall be competent for the court to hear a motion to dismiss such appeal. * * * If the appeal be dismissed the cause shall be remanded to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken. * * *"

We are of the opinion and hold that a party appealing from a judgment of a justice of the peace court to the county court, or district court, may dismiss such appeal at any time before the commencement of the trial in the court to which the appeal is perfected, without the consent of the other party, and that it is error for the appellate court to refuse to permit a party to dismiss his or her appeal, when timely motion is made thereon, and to proceed with the trial of the cause upon the merits.

For the reasons stated, the judgment of the district court is reversed, with directions to sustain the motion of the plaintiff to dismiss her appeal from the judgment of the justice of the peace court.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.