KITCHENS, Justice,
dissenting:
¶ 25. The only reason cited by the State as grounds for reinstating Nelson’s appeal and nolle prossing the misdemeanor charge was to allow the State an opportunity to indict Nelson for a felony charge. The United States Supreme Court has clearly held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the State’s pursuing a felony indictment following a defendant’s appeal of a misdemeanor charge for the same conduct. Thigpen v. Roberts, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984); Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Accordingly, because there was no valid reason to set aside the dismissal of Nelson’s appeal and to nolle pros the misdemeanor charge without her consent, I must respectfully dissent.
¶ 26. The majority’s belief that “at the time of Nelson’s plea in municipal court, neither party had known that the accident victims had been seriously injured,” is not entirely accurate. Maj. Op. ¶4. At the hearing in county court on the State’s motion to reinstate Nelson’s appeal, Nelson’s attorney, Victor Carmody, informed the county court that, at the time of the arraignment, everyone was aware that there were “potential but unknown injuries” as a result of the automobile accident. According to Carmody, he had discussed with the Richland city prosecutor, Greg Harper, the possibility of more serious charges’ being brought against his client because of these “potential injuries” and that Carmody had wished to “handle this as a DUI first offense specifically to minimize any potential criminal liability and prevent the creation of further criminal liability.” Carmo-dy also told the court that Harper had agreed to proceed on the misdemeanor DUI charge and allow Nelson to appeal so that she could “finish her R.N. nursing qualifications.” On December 28, 2006, Carmody received a call from the accident victims’ attorney, but this was not when he *1046 first discovered the injuries, as the majority states. Maj. Op. ¶ 4.
¶ 27. Harper did not dispute that he was present in the Richland Municipal Court the day Nelson was arraigned and found guilty of driving under the influence (DUI). While he did not deny Carmody’s version of events, Harper told the county court that he had “no recollection of knowledge of any injuries” on the day of the arraignment. Harper did, however, recall that Nelson was pursuing her nursing license and acknowledged that he had agreed to prosecute her on the misdemeanor charge.
¶ 28. Judge Kent McDaniel, the county court judge, seemed displeased with the manner in which the case had been handled, telling the prosecutor:
All the information about the nature of the injuries and how bad this person[5] was hurt, that they went to the hospital in an ambulance, I presume, that was all available to the State. You may not have known about it, but somebody at Richland should have, as I say, awakened from their coma and said, “Listen, we don’t want to plead this as a[DUI] first.”
Thus, the judge correctly observed that, regardless of Harper’s personal knowledge, the City of Richland was on notice that potentially serious injuries had resulted from the accident. See State v. Blenden, 748 So.2d 77, 86 (Miss.1999) (knowledge of governmental officer imputed to prosecution) (citing Giglio v. United States, 405 U.S. 150, 153-54, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); United States v. Antone, 603 F.2d 566, 569 (5th Cir. 1979)). However, over the defendant’s objection, the judge reinstated Nelson’s appeal and allowed the original charge to be nolle prossed by the prosecutor, reasoning “this is a case that should have been presented as a[DUI] mayhem that never should have been tried below.”
¶ 29. Thirty-seven years ago, the United States Supreme Court declared, “[a] person convicted of an offense is entitled to pursue his statutory right to a trial de novo without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.” Blackledge, 417 U.S. at 28, 94 S.Ct. 2098. Thus, even if the prosecutor acts in good faith, the Due Process Clause of the Fourteenth Amendment prohibits a State from “ ‘upping the ante’ through a felony indictment whenever a convicted misde-meanant pursues his statutory appellate remedy.” Id. The Supreme Court noted that “[t]his would clearly be a different case if the State had shown that it was impossible to proceed on the more serious charge at the outset.” Id. at 29 n. 7, 94 S.Ct. 2098 (citing Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912)). Of course, in the present case, the State was on notice of facts that may have supported an indictment for a felony. The defendant should not be prejudiced because the prosecutor initially elected to pursue the case as a misdemeanor. Id. at 30, 94 S.Ct. 2098 (“Having chosen originally to proceed on the misdemeanor charge in [municipal court], the [State] was, under the facts of this case, simply precluded by the Due Process Clause from calling upon the respondent to answer to the more serious charge in [circuit court].”) Notably, a decade later, the United States Supreme Court applied Blackledge to Mississippi’s statutory scheme allowing criminal defen *1047 dants the right to appeal directly a conviction from justice court or municipal court. Thigpen, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23.
¶ 30. Procedurally, this case is different from Blackledge and Thigpen in that, in those cases, felony indictments had been brought while the defendants’ appeals were pending. However, those cases still are controlling, and the issue of due process is ripe for review regardless of the existence of a felony indictment. The prosecution does not enjoy unbridled discretion in nolle prossing charges and must obtain the court’s consent. Miss.Code Ann. § 99-15-53 (Rev.2007). “The requirement of court approval for dismissal of a criminal action ‘is primarily intended to protect the defendant against prosecuto-rial harassment.’ ” State v. Adams County Circuit Court, 735 So.2d 201, 205 (Miss.1999) (quoting United States v. Hamm, 659 F.2d 624, 628 (5th Cir.1981)). Thus, the State must offer a legitimate basis for dismissing a criminal prosecution, and the trial court must have a “reasonable basis” for granting or denying the State’s motion to dismiss. Id. The only reason cited by the prosecutor in support of his motion to reinstate Nelson’s appeal and nolle pros the charge against her was to allow the indictment of Nelson for a more serious charge. Moreover, the only basis cited by the trial judge for granting the State’s motion was that “that never should have been tried below.” Because due process of law prohibits the State’s instituting greater charges following the defendant’s exercising her statutory right to appeal, the State did not provide a legitimate basis for nolle prossing the charge, and it was, therefore, error to grant the State’s motion and nolle pros the charge over the defendant’s objection.
¶ 31. In most of the cases cited by the majority, the defendants attempted to have their appeals dismissed either during trial or on the day of trial, and in none of those cases did the a defendant seek a dismissal based on the prosecution’s threat of greater charges. Parham v. State, 229 So.2d 582 (Miss.1969) (dismissal of appeal sought the day of trial and after the defendant’s motion for a continuance was denied); Peeples v. State, 216 Miss. 790, 801, 63 So.2d 236 (1953) (motion to dismiss appeal sought at the beginning of trial in circuit court); Thigpen v. State, 206 Miss. 87, 39 So.2d 768 (1949) (dismissal of appeal sought the day of trial and after the defendant’s motion for a continuance was denied); Bang v. State, 106 Miss. 824, 64 So. 734 (1914) (motion to dismiss appeal sought after the State had presented all of its evidence). Thus, those cases are consistent with the practice in other jurisdictions that a defendant has a right to dismiss an appeal from a lower court prior to the empaneling of a jury or to the production of evidence in an appellate trial. Hilburn v. City of Gardendale, 591 So.2d 8, 12 (Ala.1991). See also O’Rourke v. O’Rourke, 142 Okla. 238, 286 P. 341, 343 (1930); Mayott v. Knott, 16 Wyo. 108, 92 P. 240, 241 (1907).[6]
¶ 32. The majority also cites Lee v. State, 357 So.2d 111 (Miss.1978), and Ferrell v. State, 785 So.2d 317, 320 (Miss.Ct.App.2001), for the proposition that the State has the right to object to a defendant’s motion to dismiss his or her appeal. However, the focus of Lee and Ferrell is on the defendant’s right to object to the *1048 dismissal of his or her appeal. As more than one state supreme court has noted, a statutory scheme “allowing for de novo relitigation of the charge is solely for the benefit and protection of the accused.” Hilburn, 591 So.2d at 12 (quoting State ex rel. Garrett v. Gagne, 531 S.W.2d 264, 267 (Mo.1975)). Thus, it logically follows that a criminal defendant would have a right to dismiss his or her appeal until the day of trial. See Garrett, 531 S.W.2d at 267 (“In the normal procedures involving prosecutions for offenses against society, the law customarily does not force an appeal upon an accused.”)
¶ 33. For the foregoing reasons, it was error to reinstate Nelson’s appeal over her objection and to nolle pros the misdemean- or charge of which she already had been convicted. Accordingly, I would reverse the judgments of the circuit court and county court and reinstate the writ of pro-cedendo.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION. LAMAR, J., JOINS THIS OPINION IN PART.

. Two people were injured in the accident, and while the record is clear that one was seriously injured, the extent of the other victim's injuries is unclear from the record.

. The majority finds that O'Rourke and May-ott are “inapposite to this case. The reason the county court set aside the order of dismissal and remand was not because the city had not consented to the order. Rather, the court set aside the order of dismissal and remand because the city had not been afforded an opportunity to respond to the motion to dismiss.” This is a distinction without a difference.