## ROGERS VS. BROOKS.

1. SURETIES ON APPEAL BOND: *Jurisdiction over.*
   Upon the affirmance of a decree for money by this court, the decree goes against the sureties in the appeal bond as of course, and, if omitted at the time, may afterward be entered *nunc pro tunc.* The sureties are not entitled to notice before decree against them.

2. ————: *Practice when excessive judgment rendered against.*
   The sureties in an appeal bond stipulated to pay any decree that might be rendered by this court against their principal, not to exceed the amount of the decree below. The bond recited the amount of the decree excessively, and was followed by the decree in this court: Ordered, that a *remittitur* be entered as of the date of the decree, and certified to the sheriff, in whose hands an execution has been placed, with directions to enter the amount remitted as a credit on the execution.

PETITION to quash and recall an execution.

*Palmer* and *Rose,* for the petition.

ENGLISH, CH. J.:

Under the statute, where a decree for money, stayed by an appeal bond, is affirmed, a decree goes against the sureties in the appeal bond, as a matter of course. If the clerk omits to enter

the decree against the sureties at the time of entering the decree of affirmance against the appellant, it may afterwards be entered *nunc pro tunc.* The sureties, having made themselves parties to the suit by entering into the appeal bond, are not entitled to notice before decree against them. *White* v. *Prigmore,* 29 Ark., 208.

In this case there was a personal decree rendered against Rogers, on the cross claim of Brooks, for $1,356.45, from which he appealed, and entered into a supersedeas bond, with sureties, in which the sureties obligated themselves to pay any decree that might be rendered here against Rogers, not exceeding the amount of the decree of the court below, etc., but the bond erroneously recited the decree to be for $1,583.55.

A decree was rendered against Rogers here for $2,022.75, and a decree should have been rendered against his sureties in the appeal bond for $1,356.45, the actual amount of the decree below. But the clerk omitted then to enter the decree. Afterwards, at the next term, an order was made to enter the decree *nunc pro tunc,* and the clerk, following the erroneous recital in the appeal bond as to the amount of the decree below, entered the decree for $1,583.55, when it should have been for $1,356.45.

Hence there is an excess in the decree of $227.10.

A remittitur must be entered of record, as of the date of the decree against the sureties, for this sum, and certified to the sheriff of Phillips County, with directions to him to endorse the amount remitted as a credit upon the execution in his hands, as of the date of the decree.

There is nothing in the suggestion of the solicitor of the sureties, that their undertaking in the appeal bond was for Rogers, as administrator of his wife. Rogers, as administrator of his wife, recovered against Brooks, in the court below, a decree for the lands of the wife, which was all he claimed, as administrator,

in the suit. From this part of the decree he took no appeal, but he appealed from the personal decree rendered against him for money, on the cross demand of Brooks, and it was on this appeal that the supersedeas bond was executed by the sureties. In this appeal, the estate of the wife was in no way involved. It was on the appeal of Brooks that the estate of the wife was involved.