[No. 739.   January 11, 1898.]

## A. W. RICE, Appellees, v. JOHN W. SCHOFIELD, Receiver, et al., Appellants.

EVIDENCE—TAKING OF TESTIMONY BEFORE MASTER—ADJOURNMENTS, WITHOUT NOTICE.—Where it appeared from the report of a master that he began the taking of testimony, and adjournments were had from time to time until a certain date, after which there were no adjournments, yet the taking of testimony was resumed, without notice to the parties in interest that it would be resumed, or a waiver of such notice by the appearance of the parties, it was error to receive such testimony.

ID.—BOND—JUDGMENT WITHOUT NOTICE.—Where a paper purporting to be a "bond" filed in a cause pending the hearing, conditioned to answer any judgment that might be recovered against the principal, did not appear to have been acknowledged before the court or judge, and the persons purporting to be sureties on the bond were not before the court, were not parties to the cause, nor given any notice of the proceedings against them, a judgment against such persons was unauthorized and erroneous.

*Appeal*, from a judgment for plaintiffs, from the Second Judicial District Court, Bernalillo County. Reversed and remanded.

The facts are stated in the opinion of the court.

CHILDERS & DOBSON for appellants.

A. B. McMILLEN for appellees.

BANTZ, J.—Leaving out of question the sufficiency of the notice given by the master to bring the parties before him,

and assuming that he made a clerical mistake in reporting that he began taking the testimony on the twenty-fifth of October, instead of the thirty-first, his record discloses that, while adjournments were had from time to time until November 4th, there is none on or after that date, and yet the further taking of testimony was resumed November 11th (written October 11th, but probably another clerical mistake), when Bullock and Champion testified. There was no adjournment made to the eleventh, nor was there any notice given to the parties in interest that such taking of testimony would be resumed, nor did they waive it by an appearance without such adjournment notice or appearance, it was clearly error to receive such testimony. Parties can not be expected to know, at their peril, that testimony may be taken at the master's office, when neither an adjournment nor notice advises them of it.

*TAKING of testimony before master: adjournments, without notice.*

2. It appears that pending the hearing, a paper purporting to be a bond to answer any judgment Champion might recover was "filed" in the cause, and after the master's report was confirmed, the court rendered judgment against the persons purporting to be sureties on the bond. The bond does not appear to have been acknowledged before the court or judge. It is manifest that these persons never were in any sense before the court. They were not parties to the cause, and were not given any notice of the proceedings against them. If the signatures were forgeries, or if the paper had never been delivered, these persons were given no opportunity to avail themselves of such defense. "It is an acknowledged general principle that judgments and decrees are binding only upon parties and privies. The reason of the rule is founded in the immutable principle of natural justice that no man's right should be prejudiced by the judgment or decree of a court, without an opportunity of defending the right." Hollingsworth v. Barbour, 4 Pet. 466. To argue, that, by the terms of the bond, they consented to become parties, to submit to the jurisdiction of the court and to the

*BOND: judgment, without notice.*

rendition of the judgment by it, is to assume they have consented. As to whether they have consented is the very point which the court had no power to determine in their absence. Whether a bond so "filed" in a cause can be enforced at all without a new and independent action, it is unnecessary to decide at this time. For these reasons the cause is reversed and remanded for trial anew.

Smith, C. J., and Laughlin and Hamilton, JJ., concur.