[Civil No. 1180. Filed March 25, 1911.]

[114 Pac. 950.]

A. E. HURST, Defendant and Appellant, v. T. N. LAKIN, Receiver of the First National Bank of Bisbee, Arizona, Plaintiff and Appellee.

1. Appeal and Error—Parties—Necessary Parties in General.—In the absence of any statutory provision permitting appeals by one party, all parties to the action having a direct interest in the litigation, against whom a joint judgment is entered, must join in the appeal.

2. Same—Same—Sureties on Appeal Bond.—Where judgment is entered in the district court, in a case appealed from a justice's court, against the defendant jointly with the sureties on his appeal bond, the defendant may prosecute the appeal alone, since judgment is entered against the sureties without notice and as a matter of course, and they are in no proper sense parties to the suit below, and, while the statute contemplates appeal by all parties who are parties interested in the controversy, that requirement does not extend to the sureties on appeal bonds.

3. Same—Matters to be Shown by Record on Appeal—Grounds of Decision.—On appeal by defendant from a judgment in an action on a note, where the record does not show the facts alleged by the plaintiff as constituting an estoppel to set up the defense of a want of consideration, the judgment for plaintiff must be reversed.

CAMPBELL, J., dissenting.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for Chochise County. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Williams & Flannagan, for Appellant.

J. M. O'Connell, for Appellee.

KENT, C. J.—Lakin, as receiver of the First National Bank of Bisbee, Arizona, brought suit in the justice court against the appellant on a promissory note in the sum of $62.83. From a judgment for plaintiff the defendant appealed to the district court of Cochise county, and judgment was rendered

in the case in the district court jointly against the defendant Hurst and his sureties on the replevin bond and on the appeal bond from the justice court in the sum of $104.16. The defendant, Hurst, alone has prosecuted this appeal, the sureties against whom the joint judgment was rendered not having joined in the appeal. The appellee in his brief raises the point that the court may not entertain this appeal by reason of the failure of the sureties to join in the appeal, and moves to dismiss the appeal for that reason.

It is the general rule that, in the absence of any statutory provision permitting appeals by one party, all parties to the action having a direct interest in the litigation, against whom a joint judgment is entered, must join in the appeal. In many jurisdictions this rule is made to apply to the sureties on a forthcoming bond or upon an appeal bond, unless there has been a severance of the parties in interest, effected by summons and severance or by an equivalent proceeding appearing in the record. Under the statutes of this territory, judgment is entered against sureties upon both classes of bonds without notice and as of course. They are in no proper sense parties to the suit in the court below, and are not heard therein. It is true that they are parties to the judgment. The statutes regulating practice upon appeal contemplate appeal or proceeding in error only by those parties entitled to be heard in the trial court. One of the reasons given for joining on appeal parties litigant in the ordinary case of an action upon a bond is that a reversal of the judgment as to the principal does not operate as a reversal as to the sureties. This reason is not applicable as to sureties of this class; for, although there is no technical reversal as to them, the reversal of the judgment as to their principal operates to discharge their liability, inasmuch as their contract is merely to pay the judgment against the principal. It has never been the rule of this court to require such sureties to join in an appeal, and to hold so in this instance would effect an entire change in our procedure. Decisions of other courts as to their procedure upon appeal are not controlling upon us. We hold that, while all the parties who are parties in interest to the controversy must, of course, be joined as appellants, or some procedure had in the district court equivalent to summons and

severance, such rule should not be extended to apply to the sureties on appeal or forthcoming bonds.

The case was tried below upon the complaint and the answer, the allegations of which were conceded to be true by both parties. The complaint merely alleged that the plaintiff was the receiver of the First National Bank of Bisbee, Arizona, and then set forth the ordinary allegations in an action on a promissory note, alleging that the note in question was given by Hurst to the bank, and alleging the amount due thereon. The answer alleged that, at the time Hurst executed the note, a corporation known as the Southwestern Cement and Construction Company was indebted to the bank on an overdraft in the amount of the note in question; that it was agreed between Hurst and the bank that, if Hurst would execute the note in question to take up such company's overdraft, the bank would thereafter, upon the application of Hurst, make to Hurst a loan in a reasonable amount, if thereafter demanded by him; that thereupon, and for such consideration alone, Hurst executed the note in question, and after the execution thereof did make application to the bank for a loan, which application for a loan was by the bank denied. It is conceded by the appellee that, although there was no liability of Hurst to the bank upon the note in question after the failure and refusal of the bank to make the loan as alleged in the answer, which was the consideration for the note, and that the defense of want of consideration might have been made by Hurst in a suit against the bank to cancel the note, Hurst's failure to bring such suit and to set up such want of consideration estops him from making the defense against the receiver of the bank in a suit brought by the receiver upon the note. The contention of the appellee, and the ground upon which the case apparently was decided by the trial court, is that upon the note of Hurst being placed in the bank it became a part of the assets, and that upon the receiver taking possession of the bank thereafter the note was reported by him to the controller of the currency as a part of the assets; that the report was published in the papers, and that, relying upon these reports, the depositors intrusted the bank with their money; and that the public had a right to rely upon these reports as published, and that therefore Hurst cannot now in this suit set up a want of consideration.

The difficulty we see in the case upon the state of the record is that none of these facts upon which the appellee claims that Hurst is estopped from setting up this defense appear before us. There is nothing to show that when the receiver took possession of the bank—although we perhaps, from the record, might assume that it was after the execution of the note—there is nothing to show that the receiver did not close the bank, or that he ever reported the assets to the controller of the currency, or that the report was published, or that any persons, relying upon the report, did intrust the bank with money. As to all these facts, if they be facts, the record is silent. Upon the record before us, the case is not brought within any of the principles announced in the decisions cited by the appellee. Inasmuch as there are no facts appearing in the record to show that the receiver took the note free from any defense that Hurst might have had against the bank, or that he stood in any other position than in the shoes of the bank, the judgment rendered cannot be sustained.

The judgment of the district court is reversed, and the case remanded for a new trial.

LEWIS and DOE, JJ., concur.

CAMPBELL, J.—I dissent. The appeal should be dismissed. *Estis* v. *Trabue,* 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437.