[Civ. No. 3293. First Appellate District, Division Two.—May 6, 1920.]

MARY JUDNICK, Respondent, v. ANTONE JUDNICK et al., Appellants.

[1] Judgments—Sale on Execution—Satisfaction by Purchaser—Order Vacating—Appeal.—A judgment in this state cannot be sold under execution; and an appeal will not lie from an order of the superior court vacating a satisfaction of judgment entered by the clerk, based upon a satisfaction of judgment executed by the purchaser of the judgment at an execution sale.

[2] Id.—Sureties on Stay Bond—Judgment Against by Consent—Right of Original Judgment Debtors to Appeal.—Where the judgment entered against the sureties on a stay bond is in effect a consent judgment and, therefore, unappealable by the sureties, the original judgment debtors cannot appeal from that judgment upon the theory that they are privies of the bondsmen.

MOTIONS to dismiss an appeal from an order of the superior court of the City and County of San Francisco vacating a satisfaction of judgment and an appeal from a judgment by said court against the sureties on a stay bond. E. P. Shortall, Judge. Appeals dismissed.

The facts are stated in the opinion of the court.

Walter J. Thompson and J. E. Manning for Appellants.

Daniel O'Connell for Respondent.

BRITTAIN, J.—Motions to dismiss two appeals. On December 6, 1918, judgment was entered in the superior court in favor of the plaintiff and against Judnick Bros., a copartnership, and Steve Judnick, for the sum of $900, interest and costs. Thereafter Antone Judnick, one of the firm of Judnick Bros., appealed from the judgment. Upon motion made on behalf of the plaintiff and respondent, the appeal from the judgment was dismissed by an order of this court on August 13, 1919, on which *remittitur* was filed in the superior court on October 14, 1919.

One of the defendants, Steve Judnick, on February 26, 1919, paid to the plaintiff $346 for release of one-third of the judgment. While the matter was pending in this court on appeal from the judgment the defendants, or some of them, caused to be entered on the register of actions in the superior court under dates of July 24th and 28th, a statement that a certificate of sale had been filed, satisfaction of judgment filed, judgment satisfied and docket discharged. These entries were based upon the satisfaction of judgment executed by one Meurice Swim, described as "purchaser at sheriff's sale of judgment." The satisfaction recited that it was by "the undersigned purchaser of said judgment in the above-entitled action at an execution sale of said judgment had upon execution issued out of the Superior Court in the State of California, in and for the City and County of San Francisco, in that certain action wherein Antone J. Judnick was plaintiff, and the said Mary Judnick and Frank Judnick were defendants, and which said judgment was rendered and entered on the 21st day of September, 1918, and which said action lastly hereinbefore referred to was and is known as and numbered 67350 in the records of said Superior Court." It appears that Frank Judnick was also one of the firm of Judnick Bros. The action in which the present appeals were taken was numbered 88965 of the records of the superior court. Judgment in favor of Antone Judnick and against Mary Judnick was for sixteen dollars, and the sale of the judgment involved in these appeals was made for the sum of twenty dollars.

On December 23, 1919, on motion the superior court made an order vacating and setting aside the entries made by the clerk relating to the satisfaction of the judgment, and one of the two appeals is from that order. On January 6, 1920,

judgment was entered against Frank O'Shea and Irvine O'Shea, sureties on a stay bond of April 17, 1918, staying execution on the original judgment.

While the record on these motions is not entirely clear, in opposition to the notice of motion an affidavit was filed by one of the attorneys for the defendants and appellants controverting immaterial matters stated in the affidavit in support of the motions, and no suggestion was made either in the affidavit or in any other way that the record on the motion was defective. On the oral argument counsel for both parties and the court proceeded on the statement that the defendants in the original action were the only appellants.

[1] In regard to the appeal from the order vacating the satisfaction of judgment entered by the clerk, since the only right claimed was by a purchaser of the judgment at execution sale thereof, and this fact appears from the face of the record, the conclusion is reached that the order was not appealable for the reason that a judgment in this state cannot be sold under execution. (*Latham* v. *Blake,* 77 Cal. 646, [18 Pac. 150, 20 Pac. 417] ; *Carpenter* v. *Lewis,* 119 Cal. 18, [50 Pac. 925].) The purchaser at the execution sale is not one of those authorized to satisfy the judgment of record, and this court has no jurisdiction of an appeal from the order vacating the entry of satisfaction.

[2] The motion to dismiss the appeal of the defendants to the original suit from the judgment entered against the sureties on the stay bond must also be granted. They were not parties to that judgment, nor aggrieved thereby, and neither Frank O'Shea nor Irvine O'Shea, against whom alone the judgment was entered, appeal. The judgment against the sureties was in effect a consent judgment and was, therefore, unappealable by the sureties. (*Erlanger* v. *Southern Pac. Co.,* 109 Cal. 395, [42 Pac. 31] ; *Oullahan* v. *Morrissey,* 73 Cal. 297, [14 Pac. 864] ; *La Societe etc.* v. *Beardslee,* 63 Cal. 160.) Since the persons against whom the judgment on the bond runs could not appeal, the original judgment debtors could not appeal from that judgment upon the theory that they were privies of the bondsmen.

Both appeals are dismissed.

Nourse, J., and Cabaniss, P. J., *pro tem.,* concurred.