[Civ. No. 6189. Second Appellate District, Division Two.—November 14, 1928.]

MARCUS L. ROBERTS, Respondent, v. P. G. FITZGERALD et al., Defendants; R. J. FITZGERALD et al., Appellants.

Ernest B. Coil for Appellants.

Paul W. Schenck and Marcus L. Roberts for Respondent.

CRAIG, J.—The appellants herein were sureties of the defendant upon a bond staying execution after judgment rendered by a judge *pro tempore* of the superior court of Los Angeles County in favor of the respondent. By the terms of said bond the appellants agreed that they should be liable if the judgment be affirmed or the appeal dismissed, and that if the appellant should fail to make payment within 30 days after filing of the *remittitur* "judgment may be entered on motion of respondent, in his favor, against the sureties for such amount." The defendant's appeal was dismissed, judgment was, more than three months thereafter, entered against the sureties, from which they appealed, and the respondent now moves to dismiss the latter appeal.

It is contended by appellants that the original judgment was declared void by the supreme court, and that hence the

surety bond was without consideration and void; that the judgment from which the instant appeal was taken was not alone void because it was taken *ex parte,* but also for the reason that the main judgment was invalid.

That section 942 of the Code of Civil Procedure requires provision in such an undertaking for entry of judgment against the sureties upon motion, and that the motion may be made *ex parte,* is too well settled to require further discussion. (*Gray* v. *Cotton,* 174 Cal. 256 [162 Pac. 1019]; *Duerr* v. *Sloan,* 50 Cal. App. 512 [195 Pac. 475].) That, under the circumstances here presented, sureties have no right of appeal for the reason that the judgment entered against them is in effect a consent judgment, is equally well settled. (*Judnick* v. *Judnick,* 47 Cal. App. 380 [190 Pac. 480]; *Duerr* v. *Sloan, supra.*)

Since no appeal from such a judgment may be taken, an appellant tribunal is without jurisdiction to consider its merits.

The motion to dismiss is granted.

Works, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 13, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1929.

All the Justices concurred.