ST. GEORGE, RESPONDENT, *v.* BOUCHER ET AL., APPELLANTS.

(No. 6,554.)

(Submitted April 25, 1930. Decided July 19, 1930.)

[293 Pac. 313.]

*Messrs. Walker & Walker, Mr. T. F. Nolan, Mr. Harlow Pease* and *Mr. C. S. Wagner,* for Appellants, submitted a brief; *Mr. Thomas J. Walker* and *Mr. Nolan* argued the cause orally.

*Messrs. Maury, Brown & Maury,* for Respondent, submitted a brief; *Mr. H. Lowndes Maury* and *Mr. R. Lewis Brown* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

To obtain a stay of execution of the judgment rendered in plaintiff's favor pending appeal to this court, resulting in the decision reported in *St. George* v. *Boucher,* 84 Mont. 158, 274 Pac. 489, defendant Boucher furnished a written undertaking signed by defendants Hickey and Nolan as sureties, pursuant to section 9735, Revised Codes 1921. The undertaking was conditioned as follows:

"Now, therefore, in consideration of the premises and of such appeal we, the undersigned, J. P. Nolan and Ed. J. Hickey, both of the county of Silver Bow, do hereby jointly and severally undertake and promise in the sum of ($2,926.00)

Two Thousand Nine Hundred Twenty-six and No/100 Dollars (this being double the amount named in the judgment) that if the judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the said appellant will pay the amount directed to be paid by the judgment or the part of such amount as to which the judgment shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if the appellant does not make such payment within thirty days after the filing of the remittitur from the supreme court in the said district court, judgment may be entered on motion of the respondent in his favor against us for such amount together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant upon the appeal.''

Thirty days having elapsed after the filing of the remittitur from this court in the district court of Silver Bow county, plaintiff filed a motion for judgment in the district court against the sureties, Hickey and Nolan. The motion was not served upon the sureties, but defendant Boucher filed a motion to dismiss plaintiff's motion for judgment against the sureties, upon the ground that an action was pending in equity to offset judgments in defendant's favor against the judgment in plaintiff's favor. The offset action referred to was the case of *Boucher* v. *St. George,* ante, p. 162, 293 Pac. 315, this day decided by this court. The two motions were heard by the district court. At the hearing it was shown that the judgment in plaintiff's favor had not been paid in whole or in part. The pleadings in the offset action, the pleadings and judgment in the action involved in 84 Mont. 158, and the supersedeas bond were introduced in evidence. Defendant's motion was denied and plaintiff's granted, and judgment entered in favor of plaintiff against the sureties. Boucher and the sureties have appealed from the judgment.

Defendants contend that the court was without jurisdiction to enter judgment against the sureties without giving them notice of the motion and an opportunity to be heard.

Our section 9735 was originally enacted in 1867, but it was not until 1895 that the following clauses were introduced into the section: "and that if the appellant does not make such payment within thirty days after the filing of the remittitur from the supreme court in the court from which the appeal is taken, judgment may be entered on motion of the respondent in his favor against the sureties for such amount, together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant upon the appeal. If the judgment or order appealed from be for a greater amount than two thousand dollars, and the sureties do not state in their affidavits of justification accompanying the undertaking that they are each worth the sum specified in the undertaking, the stipulation may be that the judgment to be entered against the sureties shall be for such amounts only as in their affidavits they may state that they are severally worth, and judgment may be entered against the sureties by the court from which the appeal is taken, pursuant to the stipulations herein designated."

The clauses then introduced into section 9735 were taken verbatim from the California Code. Prior to their adoption the supreme court of California, in *Meredith* v. *Santa Clara Min. Assn.*, 60 Cal. 617, had held that notice to the sureties was not required. The court in that case said: "It is conceded that the lower court had jurisdiction of the subject-matter of the suit, and of the defendant against whom the original judgment was rendered, and from which that defendant appealed. Now, that appeal was a continuation of the action; by it the original judgment entered in the action was suspended until the appellate court had determined its validity; and when the sureties to the undertaking on appeal agreed that, in case of the affirmance of the judgment, or of any part of it, by the appellate court, and of its non-payment by the judgment debtor, judgment might be entered also against them, in the court from whose judgment the appeal was taken, according to the law under which the appeal was taken, they, in legal effect, voluntarily made themselves parties to the

action, and submitted themselves to the jurisdiction of the court. The court, therefore, had jurisdiction not only over the person of the original defendant to the action, but also over the persons of the sureties to the undertaking on appeal in the case, until enforcement of any judgment recovered against them as parties to the action. And, having voluntarily made themselves parties to the action and submitted themselves to the jurisdiction of the court, they also assented to and adopted all the provisions of the law for the enforcement of the obligation incurred by their undertaking, and waived any constitutional or statutory right in its enforcement to which they might have been otherwise entitled.'' To the same effect are *Mowry* v. *Henry*, 3 Cal. Unrep. 277, 24 Pac. 301, decided in 1890, and *Gray* v. *Cotton*, 174 Cal. 256, 162 Pac. 1019; *Hogan* v. *Locke-Paddon*, 91 Cal. App. 606, 267 Pac. 392; *Roberts* v. *Fitzgerald*, 94 Cal. App. 747, 271 Pac. 1110.

The legislature, by adopting the California statute, is presumed to have intended to adopt its construction also. (*Esterly* v. *Broadway Garage Co.,* 87 Mont. 64, 285 Pac. 172.) The California decisions on this subject seem to us to be based upon sound reasoning and are in accord with the decisions of other courts under similar statutes. (*Rogers* v. *Brooks*, 31 Ark. 194; *Morse Bros. Lumber Co.* v. *F. Burkhart Mfg. Co.*, 155 Ark. 350, 244 S. W. 350; *Jewett* v. *Shoemaker*, 124 Iowa, 561, 100 N. W. 531; *Portland Trust Co.* v. *Havely*, 36 Or. 234, 59 Pac. 466, 61 Pac. 346; *Hurst* v. *Lakin*, 13 Ariz. 328, 114 Pac. 950; *United States Fidelity & Guaranty Co.* v. *Ft. Misery Highway District*, 22 Fed. (2d) 369.)

The court did not err in entering judgment against the sureties without notice. The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS and FORD concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing action.

MR. JUSTICE GALEN: I dissent. Since it was made clearly to appear to the court that an action in equity was pending to offset one judgment against the other, there was every good reason in the proper administration of justice to further stay execution and not to force collection on the supersedeas bond until after decision of the action in equity. Had the plaintiff Boucher succeeded in his suit instituted to offset one judgment against the other, the liability of the sureties on the bond would have been at an end. Why, then, should the court further complicate the situation under the circumstances by requiring the sureties to pay the amount of the bond in advance of a decision in the action in equity? No good reason appears to me and certainly no harm or injustice would have been occasioned by the short delay necessitated. The course pursued by the district court only tended to add to the confusion so noticeable in this extended litigation.

Rehearing denied December 4, 1930.