WALDROP, Respondent, v. MASER et al., Defendants; YOUNG et al., Appellants.

(No. 7,187.)

(Submitted January 31, 1934.   Decided February 16, 1934.)

[30 Pac. (2d) 83.]

Cause submitted on briefs of Counsel.

*Mr. Wm. M. Blackford,* for Appellants.

*Mr. Edwin S. Brooks* and *Messrs. Ayers & Ayers,* for Respondent.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment of the district court of Fergus county.

One Waldrop obtained a judgment against Mike and Susie Maser for damages on account of an automobile accident. The judgment was entered on February 29, 1932. On March 4, 1932, the Masers, in contemplation of an appeal to this court and in order to stay the execution of the judgment, furnished an undertaking on appeal in accordance with section 9735, Revised Codes 1921. The appellants, Young and Olsen, executed the undertaking as sureties, and it was filed March 9, 1932. No notice of appeal was served or filed until August 29, 1932. No further or additional undertaking was filed after the filing of the notice of appeal.

On December 23, 1932, the appeal was dismissed by this court for the reason that no transcript was ever served or filed. (93 Mont. 612, 23 Pac. (2d) 417.) Remittitur was issued and filed in the district court on January 31, 1933, and on June 13, 1933, plaintiff Waldrop moved for judgment against the sureties on the undertaking. The motion was granted, and on the same day a judgment was made and entered in favor of the plaintiff, respondent here, and against the sureties for $642.63. The appeal is by the sureties from the judgment.

Appellants say: "But a single question is to be determined on this appeal. It is the liability or nonliability of the appellants on the undertaking on appeal and stay, where no notice of appeal had ever been served prior to the filing of the undertaking on appeal on which plaintiff secured judgment, from which this appeal is prosecuted, or afterwards until August 29, 1932, more than five months from the filing of said undertaking on appeal."

Respondent takes the position that the judgment from which this appeal is taken was a consent judgment, and in support of that contention cites a decision of this court, *St. George* v. *Boucher*, 88 Mont. 173, 293 Pac. 313, and contends that under the circumstances the appellant sureties have no right of appeal, for the reason that the judgment entered against them is in effect a consent judgment.

We think the contention of respondent in this particular is correct. The judgment entered against the sureties was a consent judgment, and is controlled by the principles applicable to such judgments. (*St. George* v. *Boucher*, supra.) There is no right of appeal from such a judgment. (*Roberts* v. *Fitzgerald*, 94 Cal. App. 747, 271 Pac. 1110, 1111; *Judnick* v. *Judnick*, 47 Cal. App. 380, 190 Pac. 480; *Duerr* v. *Sloan*, 50 Cal. App. 512, 195 Pac. 475; *Erlanger* v. *Southern Pac. Co.*, 109 Cal. 395, 42 Pac. 31; *Oullahan* v. *Morrissey*, 73 Cal. 297, 14 Pac. 864.)

Appellants complain that the judgment was entered without notice to the sureties. But the sureties were not entitled to any notice, because they had consented to having such judgment entered against them. (*St. George* v. *Boucher*, supra; *Duerr* v. *Sloan*, supra.)

The questions involved here were considered by the California courts in the case of *Roberts* v. *Fitzgerald*, supra. There the court said: "That section 942 of the Code of Civil Procedure [identical with section 9735, Rev. Codes 1921] requires provision in such an undertaking for entry of judgment against the sureties upon motion, and that the motion may be made *ex parte*, is too well settled to require further discussion. * * * That, under the circumstances here presented, sureties have no right of appeal for the reason that the judgment entered against them is in effect a consent judgment, is equally well settled. * * * Since no appeal from such a judgment may be taken, an appellate tribunal is without jurisdiction to consider its merits."

The sureties are not without remedy if the judgment was erroneously entered, or if it was based on insufficient or invalid

grounds. However, in that event, the proper remedy is not by an appeal from the judgment, but by appropriate proceedings in the district court.

The appeal is dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, ANGSTMAN and ANDERSON concur.

Rehearing denied March 10, 1934.