158 P.2d 854

**BOARD OF COUNTY COM'RS OF SANTA FE COUNTY v. SLAUGHTER et al.**

No. 4813.

Supreme Court of New Mexico.

Dec. 15, 1944.

David W. Carmody, Dist. Atty., and Carl H. Gilbert, both of Santa Fe, for appellant.

Seth & Montgomery, of Santa Fe, for appellees.

134

BICKLEY, Justice.

This case is here upon a motion by appellees (defendants below) to dismiss the appeal of appellant (plaintiff below) on the ground that the court is without jurisdiction to entertain the appeal for the reason that there is lacking a necessary and indispensable party.

Appellant brought suit in the court below to condemn certain real property belonging to appellees for highway purposes. In order to obtain immediate possession of the premises, pending the litigation, appellant, pursuant to the provisions of 1941 Comp., Sec. 25-918, filed a bond, with the American Employers' Ins. Co., as surety, in the penal sum of $15,000.00 to the benefit of appellees. The bond was conditioned:

"That if the said *principal* shall well and truly pay unto each of the said defendants the *adjudged value* of the premises owned by each defendant, together with damages suffered by the defendant by reason of the taking of the said property in case the property is condemned *or* to well and truly pay to each of the said defendants any and all damages which each defendant shall suffer by reason of the occupation of the premises owned by such defendant before judgment, in case the premises are not condemned, then these presents and this obligation shall become void, otherwise they remain in full force and effect." (Emphasis supplied).

The order authorizing immediate possession of the premises was made conditioned upon the plaintiff filing with the Clerk of the Court a bond to the benefit of the defendants, with sureties to be approved by the Court "conditioned to pay the adjudged value of the premises and damages in case the property is condemned." As to whether a bond so conditioned would impose a primary liability upon the sureties in case the property is condemned, we express no opinion, since the defendants were apparently satisfied with the bond conditioned as heretofore quoted, which apparently contemplates a secondary liability of the sureties.

From an order confirming the report of the commissioners, appellant, Board of County Commissioners of Santa Fe County, appealed to the district court, where the question of damages was tried de novo to the court, without intervention of a jury, upon a stipulation of facts filed in the case. The trial court entered judgment in favor of appellant condemning the property for highway purposes and vesting title thereto in appellant; and also, judgment in favor of appellees against appellant and its surety on the bond, the American Employers' Ins. Co., in the sum of $11,000, together with interest at the rate of 6% per annum from June 17, 1942, without notice to the surety, who was not a party to the cause.

From this judgment appellant (Board of County Commissioners of Santa Fe County), alone, appeals.

Two propositions are presented for our consideration in disposing of the motion.

1. Was the trial court without jurisdiction to enter judgment against the surety on the bond?

2. If the first proposition be answered in the negative, is the surety a necessary and indispensable party to this appeal?

We find it unnecessary to discuss the second proposition because our conclusion is that the first must be answered in the affirmative.

The suit is pursuant to the following portion of Sec. 25-918, supra:

"And in all cases where the plaintiff is the state of New Mexico, or any of the departments or commissions thereof, or any county in the state of New Mexico, and where the lands sought to be acquired are to be used for the improvement, or constuction, of a public highway, or where the plaintiff is a municipality of the state of New Mexico, and where the lands sought to be acquired are to be used for an airport or cantonment or for any other purpose in connection with the National Defense Program, the plaintiff may move the court at any time after the filing of the petition on notice to the defendant if he is a resident of the state, or appeared by attorney in the action, otherwise by serving a notice directed to him on the clerk of the court, for an order permitting the plaintiff to occupy the premises sought to be condemned, pending the action, and to do such work thereon as may be required for the easement, title, or other interest, sought, according to its nature. The court shall take proof by affidavit, or otherwise, of the value of the premises sought to be condemned and of the damages which will accrue from the condemnation and of the reasons for requiring a speedy occupation, and shall grant or refuse the motion according to the equity of the case and the relative damages which may accrue to the parties. If the motion is granted, the court shall require the plaintiff to execute and file in the court a bond to the benefit of the defendant with sureties to be approved by the court in a penal sum to be fixed by the court, not less than double the value of the premises sought to be condemned and the damages which will ensue from such condemnation, as the same may appear to the court on the hearing, and conditioned to pay the adjudged value of the premises and all damages in case the property is condemned, and to pay all damages arising from occupation before judgment, in case the premises are not condemned."

Appellant argues that, in the absence of a statute authorizing such a procedure, the court has no power to enter a summary judgment against sureties on bonds of this nature and cites by way of analogy the rule found in 3 Am.Jur. p. 776, Sec. 1303.

The Territorial Supreme Court in Rice v. Schofield, 9 N.M. 314, 51 P. 673, adopted this view, saying:

"It appears that, pending the hearing, a paper purporting to be a bond to answer any judgment Champion might recover, was 'filed' in the cause, and, after the master's report was confirmed, the court rendered judgment against the persons pur-

porting to be sureties on the bond. The bond does not appear to have been acknowledged before the court or judge. It is manifest that these persons never were in any sense before the court. They were not parties to the cause, and were not given any notice of the proceedings against them. If the signatures were forgeries, or if the paper had never been delivered, these persons were given no opportunity to avail themselves of such defense. 'It is an acknowledged general principle that judgments and decrees are binding only upon parties and privies. The reason of the rule is founded in the immutable principle of natural justice, that no man's right should be prejudiced by the judgment or decree of a court, without an opportunity of defending the right.' Hollingsworth v. Barbour, 4 Pet. 466 [7 L.Ed. 922]. To argue that, by the terms of the bond, they consented to become parties, to submit to the jurisdiction of the court and to the rendition of the judgment by it, is to assume they have consented. As to whether they have consented is the very point which the court had no power to determine in their absence. Whether a bond so 'filed' in a cause can be enforced at all, without a new and independent action, it is unnecessary to decide at this time."

Examination of the record in that case discloses that the appellee there made an argument quite similar to that of the appellee in the case at bar. In the Rice case a motion for rehearing was filed and in support thereof it was argued:

"The sureties, when they executed the bonds, did all they could to make themselves parties as they declared themselves to be in court in the cause as if they had been originally made parties thereto, so as to be subject to the orders and decrees of the court in the cause. The court merely took them at their word when it ordered them to pay over the assets of the partnership which they said they had in their possession; and at that time, if it never had before, declared them to be parties and recognized them as having been such parties from the time of the execution of the bond."

The motion for rehearing was denied.

We have examined the statute with care and we do not discover therein any language that would authorize the court to render a summary judgment against the sureties, who have not been made parties to the proceedings, and without notice to them.

In Arkansas Anthracite Coal & Land Co. v. Stokes (8 Cir., 1924, while we were a part thereof), 2 F.2d 511, it was decided:

"Where no valid judgment can be rendered against one because not personally served, nor subject to personal service, and who did not enter an appearance, and where no writ of attachment could issue against his property, he is not a necessary party appellant, no judgment being entered against his property, and his failure to join in an appeal does not require its dismissal."

From all of the foregoing it follows that the motion to dismiss the appeal should be overruled, and it is so ordered.

SADLER, C. J., and MABRY and BRICE, JJ., concur.

THREET, Justice (specially concurring).

I concur in the result reached by the majority but the reason therefor is not applicable to this case. I, therefore, cannot give my assent.

Appellant brought suit in the court below to condemn certain real property belonging to appellees for highway purposes. In order to obtain immediate possession of the premises, pending the litigation, appellant, pursuant to the provisions of 1941 Comp., Sec. 25-918, filed a bond, with the American Employers' Ins. Co., as surety, in the penal sum of $15,000, to the benefit of appellees. The bond was conditioned: "to pay the adjudged value of the premises and all damages in case the property is condemned, and to pay all damages arising from occupation before judgment, in case the premises are not condemned."

From an order confirming the report of the commissioners, appellant, Board of County Commissioners of Santa Fe County, appealed to the district court, where the question of damages was tried de novo to the court, without intervention of a jury, upon a stiplation of facts filed in the case. The trial court entered judgment in favor of appellant condemning the property for highway purposes and vesting title thereto in appellant; and also, judgment in favor of appellees against appellant and its surety on the bond, the American Employers' Ins. Co., in the sum of $11,000, together with interest at the rate of 6% per annum from June 17, 1942.

From this judgment appellant (Board of County Commissioners of Santa Fe County), alone, appeals.

Two propositions are presented for our consideration in disposing of the motion.

1. Was the trial court without jurisdiction to enter judgment against the surety on the bond?

2. If the first proposition be answered in the negative, is the surety a necessary and indispensable party to this appeal?

Under Section 25-918, supra, three methods are provided whereby a plaintiff in a condemnation suit may obtain immediate possession of the property sought to be condemned pending litigation.

1. By paying into court, for the defendants, the full appraised value of the property;

2. By giving a bond to be approved by the court where it is necessary to secure service on the defendants, or some of them, by publication;

3. In all cases where the plaintiff is the State of New Mexico or any of the departments or commissions thereof, or any county in the State of New Mexico, and where the lands sought to be acquired are to be used for the improvement, or construction of a public highway, or where the plaintiff

is a municipality of the State of New Mexico, and where the lands sought to be acquired are to be used for an airport or cantonment, or for any other purposes in connection with the national defense program, the court may, at any time, after the filing of a petition, on motion of plaintiff and notice to the defendant, take proof as to the value of the premises, sought to be condemned, and all the damages which will accrue from the condemnation, and of the reasons for requiring a speedy occupation, permit the plaintiff to enter into immediate possession, pending the litigation, upon filing a bond in court, to the benefit of the defendant, with sureties to be approved by the court, in a penal sum, to be fixed by the court, not less than double the value of the premises sought to be condemned and the damages which will ensue from such condemnation.

Appellant in the case at bar pursued the latter method. There is no material difference between the paying into court the appraised value of the property and the filing of the bond. They, each, perform the same function. By filing the bond appellant and its surety substituted the bond as the res in place of the premises sought to be condemned. The filing of the bond in court by appellant and its surety was not obligatory, but voluntary, unless immediate possession was demanded by appellant. It was neither an appeal nor a supersedeas bond. Its purpose was clear. Appellant could, under the statute, derive a benefit by executing and filing the bond, viz., the right to the immediate possession of the use of the premises, pending the litigation. Indianapolis Northern Traction Co. v. Dunn et al., 37 Ind.App. 248, 76 N.E. 269.

When the surety entered its name on the bond, it did so with a full knowledge of the purpose of the bond and the responsibilities incurred thereunder. In view of Art. 2, Sec. 20, of the New Mexico Constitution, which provides: "Private property shall not be taken or damaged for public use without just compensation," and the further provision under Art. 8, Sec. 7, of the New Mexico Constitution, to the effect that no execution shall issue upon any judgment rendered against the Board of County Commissioners of any county, the surety's voluntary entrance into the litigation and its execution of the bond, thereby making it possible for appellant to obtain immediate possession of the premises, pending the litigation, was tantamount to a consent that judgment should be entered against it for the adjudged value of the property upon the entry of the final decree of condemnation in favor of appellant.

In this State the exercise of the right of eminent domain is prescribed by the Constitution and regulated by statute. In every form of procedure in appropriating land for public use, there must be adequate means provided for compensating the owners of the land so appropriated. The rights of the parties are correlative and reciprocal, the existence of one depending upon the other. State v. Flamme et al., 217 Ind. 149, 26 N.E.2d 917.

In the case at bar, appellant obtained possession of the premises and proceeded with the construction of the highway, and now claims a vested interest in the property by virtue of the very judgment appealed from, but denies appellees' right to a corresponding judgment on the bond for the adjudged value of the premises so appropriated, on the ground that the trial court lacked jurisdiction to render judgment on the bond without notice to the surety. This contention is untenable. Appellant cannot be said to have acquired a vested interest in the premises unless, it be admitted, that appellees obtained a corresponding vested interest in the judgment on the bond, conditioned to pay the adjudged value of the premises appropriated.

Appellant argues that, in the absence of a statute authorizing such procedure, the court has no power to enter a summary judgment against sureties on appeal or supersedeas bond, and cites the general rule found in 3 Am.Jur., page 776, Sec. 1303. This rule is not applicable to the case at bar. The spirit and purpose of the eminent domain statute is such as to afford the owner of the land, sought to be condemned, a complete remedy in the condemnation proceedings for the adjudged value of the premises appropriated, to the end that a multiplicity of suits may be avoided.

The surety in the case at bar, by entering its name upon the bond, was charged with knowledge of the provisions of Art. 2, Sec. 20 of the New Mexico Constitution, supra, and the spirit and purpose of the eminent domain statutes. By voluntarily making itself a party to the action, and submitting itself to the jurisdiction of the court, it assented to and adopted all the provisions of the law for the enforcement of the bond and waived any constitutional or statutory rights in its enforcement to which it might have been otherwise entitled. St. George v. Boucher, et al., 88 Mont. 173, 293 P. 313.

When the bond was substituted for the res, the trial court, by statute, was "authorized and empowered to make all orders which it may deem necessary to protect the interest of all parties in said litigation," Sec. 25-918, supra, and acquired jurisdiction to enter a summary judgment against the surety on the bond.

Under the second proposition appellees argue that the judgment being joint in form, the surety is a necessary and indispensable party to this appeal by virtue of Rule 8 of Appellate Procedure, 1941 Comp., Sec. 19-201. With this contention, I cannot agree. Rule 5 of Appellate Procedure, 1941 Comp., Sec. 19-201, provides: "Within three months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court." There is no question here, as to the right of appellant to appeal. The surety, however, occupies no such favorable position. It is limited to the benefit of such defenses and such only as the principal interposes. Its liability is inalterably fixed by the final adjudged value of the property. Absent fraud or collusion, appellant could confess judgment or

suffer a default and the surety would be bound thereby.

The relation of the surety, in the case at bar, is peculiar. It is bound by the judgment against appellant. By voluntarily entering into the litigation and executing the bond, it became a party to the case when the judgment was entered. Its liability is absolutely fixed by the judgment against the appellant. It must stand or fall on the result of the defense interposed by its principal. The express undertaking of the bond is to pay the adjudged value of the premises sought to be condemned by appellant. When the judgment was rendered, the surety was bound thereby and it cannot be heard to impeach or attack the judgment in any way for causes which were or could have been matters of defense by the appellant. After becoming surety on the bond, it must remain a silent witness to the conflict between the parties to the suit, standing ready to fulfill, at the end of the litigation, the obligation it has assumed, viz., to pay the adjudged value of the premises and all damages in case the property is condemned and damages arising from occupation before a judgment in case the premises are not condemned. No authority has been cited that would authorize a surety to be heard under the present situation and our independent search has revealed none.

It is next urged that the surety having taken no appeal, the judgment, as to it, has become final and may now be enforced, regardless of the disposition of appellant's case in this court. This argument is unsound. One of the reasons given for joining on appeal parties litigant in the ordinary case of an action upon a bond, is that a reversal of the judgment as to the principal does not operate as a reversal as to the surety. This reason is not applicable to the surety in the instant case. Although there is no technical reversal as to the surety, the reversal of the judgment against its principal operates to suspend the surety's liability, inasmuch as its obligation is merely to pay the ultimate judgment against the appellant, its principal, which is the adjudged value of the premises sought to be condemned plus damages. Hurst v. Lakin, 13 Ariz. 328, 114 P. 950; Evans v. Cheyenne Cement Stone & Brick Co., 20 Wyo. 188, 122 P. 588, Ann.Cas. 1914D, 1116.

The amount appellant is to pay for the property appropriated has not been finally determined. Eventually, it might be more, or it might be less, than the amount fixed by the trial court in the judgment appealed from. If more, the surety will be compelled to pay to the extent of its obligation; if less, it would not be bound by the judgment appealed from, but would be entitled to the reduction and readjustment in accordance with the final award.